IN THE MATTER OF THE FORECLOSURE OF A CERTAIN DEED OF TRUST FROM: MARVIN J. WATTS AND WIFE, H. RUTH WATTS, TO THOMAS S. BENNETT, SUBSTITUTE TRUSTEE, FOR JUDITH W. SMITH

No. 773SC947

(Filed 19 September 1978)

**Mortgages and Deeds of Trust § 25— foreclosure under power of sale—hearing de novo before Superior Court Judge—no equity jurisdiction**

Pursuant to G.S. 45-21.16(d) providing for foreclosure under a power of sale, the Clerk of Superior Court is limited to finding the existence of a valid debt of which the party seeking foreclosure is a holder, default, right to foreclose under the instrument and notice to those entitled, and the Superior Court Judge is similarly limited in a hearing *de novo* and is not authorized to invoke equity jurisdiction.

APPEAL by respondent from *Lewis, Judge.* Judgment entered 8 August 1977 in Superior Court, CARTERET County. Heard in the Court of Appeals 24 August 1978.

On 26 May 1977, the respondent (mortgagee) filed a Petition and Notice of Hearing pursuant to G.S. 45-21.16 alleging that the petitioners (mortgagors) were in default in the payment of a promissory note secured by a deed of trust, dated 1 November 1976.

On 16 June 1977, the Clerk of Superior Court of Carteret County found that petitioners were in default since the petitioners had failed to make the monthly installment payments by the 15th day of each month as required by the security agreement and deed of trust. The Clerk found that the respondent was entitled to proceed with foreclosure under the power of sale provision in the deed of trust.

Pursuant to G.S. 45-21.16(d), petitioners appealed *de novo* to the Superior Court.

At the hearing in Superior Court the mortgagee and mortgagors testified, and the court, in pertinent part, found facts as follows:

"7. That Marvin J. Watts and wife, H. Ruth Watts, made the initial payment due under said indebtedness on November 1, 1976, as required. That the payment for December, 1976 was made by check dated December 17, 1976, and Judith W. Smith advised and made demand of the said Marvin J. Watts and wife, H. Ruth Watts, that the lateness of said payment constituted a default and without waiving any of her rights under the security instrument demanded that future payments be made on time. That in spite of said request, said Marvin J. Watts and wife, H. Ruth Watts, made the payment for January 1977 by check dated January 22, 1977. That the payment for February 1977 was made by check dated February ---, 1977. By letter dated March 21, 1977, counsel for Judith W. Smith notified the said Marvin J. Watts and wife, H. Ruth Watts, that the monthly installment payments were being made at a date in excess of the period allowed under the security instrument and called to their attention the fact that said late payments constituted default under the instrument. That the payment for the month of

March was tendered by check dated March 19, 1977, but not accepted by Judith W. Smith, and the payment for April 1977 was tendered on April 22, 1977, but not accepted by Judith W. Smith. That the payment for the month of May, 1977 was tendered on May 14, 1977, but was not accepted by Judith W. Smith. That the payment for the month of June has been tendered, but not accepted by Judith W. Smith;

\*    \*    \*

9. That at the closing, at which time Mr. and Mrs. Watts assumed a first mortgage, the mortgagee, Mrs. Smith, told them that the bank would permit them to make monthly payments on the first mortgage at any time during the month; and the mortgagors were under the erroneous impression that they could make the payments on the second mortgage to Mrs. Smith with the same concessions as to time of payment;"

The court then made the following Conclusions of Law:

"1. That by failing to make the March payment until 21 March 1977 the mortgagors, Mr. and Mrs. Watts, were in default, but they were unaware of the significance and importance of making their payments on time;

2. That there is a valid debt due the mortgagee; that she has the right to foreclose under the instrument introduced; that she has given proper notice to the mortgagors;

3. That for eqitable reasons and in the interest of justice the mortgagee should not be permitted to foreclose this property under the facts found at this time."

The judge thereupon ordered:

"1. That the action of the Clerk in permitting the foreclosure action to proceed is SET ASIDE AND REVERSED and this cause DISMISSED:"

*Marquardt and Simpson by John P. Simpson for respondent appellant.*

*No counsel contra.*

CLARK, Judge.

The sole question presented on appeal is whether a Superior Court Judge is authorized to invoke equity jurisdiction in a hearing *de novo* on appeal pursuant to G.S. 45-21.16(d) or is limited to hearing the same matters in controversy which were before the Clerk of Superior Court.

G.S. 45-21.16 provides that prior to a foreclosure under a power of sale, the mortgagee must notify the mortgagor of the impending sale and must provide notice of a hearing before the Clerk of Superior Court. The Clerk is directed in subsection (d) to find the existence of a "(i) valid debt of which the party seeking to foreclose is a holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled. . . ."

The statute was amended in 1977 (effective 1 October 1977) to provide that: "Appeals from said act of the clerk shall be heard de novo."

The respondent contends that the hearing *de novo* is limited in scope to a hearing on the same four questions at issue before the Clerk, and that therefore the trial judge was not authorized to invoke equitable jurisdiction.

The intent of the legislature controls the interpretation of a statute. In ascertaining this intent the courts should consider the language of the statute and what it sought to accomplish. *Stevenson v. Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972); *Galligan v. Chapel Hill*, 276 N.C. 172, 171 S.E. 2d 427 (1970). G.S. 45-21.16 was enacted in response to *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975). In *Turner*, the court held that the statutory procedures governing foreclosure under a power of sale did not comport with due process because the procedures did not provide adequate notice or a hearing prior to foreclosure and the mortgagor had not waived notice and hearing. The court noted that the procedures for upset bids and for injunctive relief were not sufficient to protect the mortgagor's property interest because these remedies presuppose that the mortgagor is aware of the threatened foreclosure. The injunctive relief provided by G.S. 45-21.34 is available prior to the confirmation of the foreclosure sale. *Certain-teed Products Corp. v. Sanders*, 264 N.C. 234, 141 S.E. 2d 329 (1965); *Whitford v. North Carolina Joint-Stock Land*

*Bank,* 207 N.C. 229, 176 S.E. 740 (1934). The court noted that without prior notice, the mortgagor was often unaware of the foreclosure until the purchaser at the foreclosure sale sought possession of the land. Without the notice contemplated by the court in *Turner,* "the option of seeking equitable relief was . . . substantially foreclosed." 389 F. Supp. at 1258, n. 37.

The notice and hearing required by G.S. 45-21.16 were designed to enable the mortgagor to utilize the injunctive relief already available in G.S. 45-21.34. The hearing was not intended to settle all matters in controversy between mortgagor and mortgagee, nor was it designed to provide a second procedure for invoking equitable relief. A power of sale provision in a deed of trust is a means of avoiding lengthy and costly foreclosures by action. 389 F. Supp. at 1258; 10 Thompson on Real Property, § 5175, p. 204 (1957); Note; Power of Sale Foreclosure After Fuentes, 40 U. Chi. L. Rev. 206 (1972). To construe the statute so as to provide a full hearing on matters at issue other than those before the Clerk would make the foreclosure by power of sale as costly and as time-consuming as foreclosure by action, since a mortgagor could obtain a full hearing on all issues merely by appealing to the Superior Court for a hearing *de novo.* It is clear that the legislature did not intend such a result. The Clerk of Superior Court is limited to making the four findings of fact specified in the statute, and it follows that the Superior Court Judge is similarly limited in the hearing *de novo. See* G.S. 1-276 which limits appeals to "matters in controversy" before the Clerk.

Although a Superior Court Judge has general equitable jurisdiction, N.C. Const. Art. IV, § 1, *Hospital v. Comrs. of Durham,* 231 N.C. 604, 58 S.E. 2d 696 (1950), a court is without jurisdiction unless the issue is brought before the court in a proper proceeding. *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330 (1950); *Johnston County v. Ellis,* 226 N.C. 268, 38 S.E. 2d 31 (1946). The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34. *See, Crain v. Hutchins,* 226 N.C. 642, 39 S.E. 2d 831 (1946); *Sineath v. Katzis,* 219 N.C. 434, 14 S.E. 2d 418 (1941); *Insurance Co. v. Smathers,* 211 N.C. 373, 190 S.E. 484 (1937).

The trial judge in the case *sub judice* exceeded the permissible scope of review at the hearing *de novo* by invoking equitable jurisdiction to enjoin the foreclosure sale.

Reversed and remanded for proceedings consistent with this opinion.

Judges PARKER and ERWIN concur.