SEASHORE PROPERTIES, INC. v. EAST FEDERAL SAVINGS AND LOAN ASSOCIATION OF KINSTON, AND JOHN L. GRAY, JR., TRUSTEE

No. 803SC10

(Filed 15 July 1980)

**Mortgages and Deeds of Trust § 26– notice of foreclosure – record owner defined**

The term "record owner" in G.S. 45-21.16, which provides for the giving of notice of foreclosure proceedings, refers either to the original mortgagor of the property or to a present owner who has purchased property subject to a mortgage; therefore, plaintiff was not a record owner and was not entitled to notice when a recorded management agreement promised to convey to plaintiff a 50% interest in the real property after two promissory notes were repaid but not later than five years.

APPEAL by plaintiff from *Rousseau, Judge.* Order entered 10 October 1979 in Superior Court, CARTERET County. Heard in the Court of Appeals 22 May 1980.

This is an appeal from a partial summary judgment for defendants in an action to have a foreclosure set aside.

On 1 April 1976 East Federal Savings and Loan Association of Kinston sold a certain tract of land in Carteret County, North Carolina, referred to as Captain's Bridge Motel to O.C.G. Enterprises, Inc. The deed of trust and deed were recorded on 1 April 1976 in the Carteret County Register of Deeds Office. After O.C.G. Enterprises, Inc., purchased the property from East Federal Savings and Loan Association, but on the same day, 1 April 1976, O.C.G. Enterprises, Inc. executed a document entitled "Management Agreement" with plaintiff, Seashore Properties, Inc., regarding the management of Captain's Bridge Motel. This document was recorded on 23 April 1976 in the Carteret County Register of Deeds Office.

The management agreement provides in Article 11 and Article 15 that, in addition to other considerations, the plaintiff was to receive a 50% interest in the real and personal property comprising Captain's Bridge Motel as compensation for its management services. This interest was to be conveyed to plaintiff as soon as certain notes were paid, or after five years, whichever came first. The agreement was to be construed so as to create in plaintiff, Seashore Properties, Inc., a property interest in the above mentioned real and personal property.

Thereafter on 31 March 1977, foreclosure proceedings were instituted. Plaintiff did not receive notice of hearing or notice of the foreclosure sale. Defendants' motion for summary judgment was granted on the question of whether plaintiff was entitled to receive notice of the foreclosure. Plaintiff appealed.

*Michael E. Mauney and Timothy E. Oates for plaintiff appellant.*

*Ward and Smith, by Michael P. Flanagan, for defendant appellees.*

MARTIN (Robert M.), Judge.

The sole question presented for review is whether the trial court erred in granting partial summary judgment in favor of defendants on the ground that as a matter of law plaintiff was not entitled to receive notice of the foreclosure made reference to in plaintiff's first claim for relief.

At the time of the foreclosure proceedings instituted on 31 March 1977, the relevant portion of G.S. 45-21.16(b) then in effect read as follows:

(b) Notice of hearing shall be sent to:

*   *   *

(3) To the record owner or owners (including owners in tenancy by the entirety) of the real estate at the time of the giving of the notice.

We note that the above section of the statute was amended in 1977. Session Laws 1977, c. 359, s. 18, provides: "This act shall become effective on October 1, 1977, and shall apply only to those foreclosure actions commenced on or after that date." Session Laws 1977, c. 359, s. 17 provides that this act shall not apply to pending litigation.

Plaintiff contends that by virtue of the recorded management agreement, which promises to convey to plaintiff a 50% interest in the real property to be conveyed after two promissory notes are repaid but not later than five years and which creates in plaintiff a property interest in the real property, it was a record owner within the meaning of the statute and as such was entitled to notice. We do not agree.

G.S. 45-21.16 does not contain a definition of "record owner or owners." In interpreting G.S. 45-21.16, this Court has stated:

The intent of the legislature controls the interpretation of a statute. In ascertaining this intent the courts should consider the language of the statute and what it sought to accomplish. (Citations omitted) G.S. 45-21.16 was enacted in response to *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975) In *Turner*, the court held that the statutory procedures governing foreclosure under a power of sale did not comport with due process because the procedures did not provide adequate notice or a hearing prior to foreclosure and the mortgagor had not waived notice and hearing.

*In re Watts*, 38 N.C. App. 90, 93, 247 S.E. 2d 427, 429 (1978). Thus, the Legislature was responding to the specific due process requirement laid down in *Turner* that personal notice of foreclosure be given to the *mortgagor*. 389 F. Supp. at 1257-59.

In light of the legislative history, we hold that the term "record owner" in G.S. 45-21.16 was intended to refer to either the original mortgagor of the property or a present owner who has purchased property subject to a mortgage. This interpretation is supported by G.S. 45-21.16A which contains the following language:

Contents of Notice of Sale. — The notice of sale shall — (1) Describe the instrument pursuant to which the sale is held, by identifying the *original* mortgagors and recording date, and if different from the *original mortgagors* shall list the *record owner* of the property, as reflected on the records of the register of deeds not more than 10 days prior to posting the notice, who may be identified as *present owners,* and may reflect the owner not reflected on the records if known. (Emphasis added)

Because plaintiff was neither the original mortgagor nor the present owner of the property, it was not entitled to notice of the foreclosure under G.S. 45-21.16 then in effect and summary judgment was properly granted on this issue.

Affirmed.

Judges ARNOLD and HILL concur.