IN THE MATTER OF THE FORECLOSURE OF DEED OF TRUST, EX-
ECUTED BY MURRAY BONDER AND WIFE, ANN S. BONDER (PROPERTY
NOW OWNED BY RICHARD S. ROBINSON AND WIFE, IRENE K. ROBINSON) DATED OC-
TOBER 6, 1972, AND RECORDED IN BOOK 739, PAGE 87, JOHNSTON COUNTY REGISTER
OF DEEDS, CHARLES H. YOUNG, TRUSTEE

No. 8111SC332

(Filed 5 January 1982)

**Mortgages and Deeds of Trust § 15— deed of trust on residential property — re-
quirement of written consent for transfer of property — acceleration clause — in-
creased rate of interest for transferee**

Provisions of a deed of trust on residential real property permitting the
lender to accelerate maturity of the debt upon a transfer of the property
without the written consent of the lender could properly be used by the lender
to require a transferee of the security property to pay an increased rate of in-
terest in order to assume the loan on the property. Furthermore, in a
foreclosure hearing held pursuant to G.S. 45-21.16, the trial court properly ex-
cluded and refused to consider evidence purporting to show that the consent
to transfer provision was for the purpose of insuring the "credit worthiness" of
those assuming the obligation and was not intended to allow extraction of
enhanced interest, since the deed of trust in no way purported to restrict the
lender's right to withhold consent to transfer to situations in which it deemed
itself insecure.

APPEAL by respondents from *Brannon, Judge.* Ordered
entered 13 November 1980 in Superior Court, JOHNSTON County.
Heard in the Court of Appeals 10 November 1981.

Respondents appeal from an order allowing a trustee to pro-
ceed with foreclosure of a deed of trust.

*Purrington & Purrington, P.A., by A. L. Purrington, Jr. and
J. Ward Purrington, for petitioner appellee.*

*Mast, Tew & Nall, P.A., by George B. Mast, Joseph T. Nall,
and L. Lamar Armstrong, Jr., for respondent appellants.*

WHICHARD, Judge.

A deed of trust on residential real property prohibited conveyance thereof without written consent of the lender. It also provided for acceleration of maturity of the debt upon noncompliance with this prohibition. The primary issue is whether the lender could use these provisions to extract enhanced interest upon conveyance of the security property. A subsidiary issue is whether evidence of legal defenses is admissible and proper for consideration in a hearing pursuant to G.S. 45-21.16. We answer both issues in the affirmative.

Murray Bonder and wife, Ann S. Bonder, executed a note to petitioner, Raleigh Federal Savings and Loan Association, secured by a deed of trust on residential real property. The deed of trust contained the following provision: "[The Bonders] will not convey the premises herein described without the consent in writing of the Association, its successors or assigns . . . ." It also provided:

> If . . . the [Bonders] . . . shall fail to observe, keep and perform any of the agreements, covenants and conditions herein set out . . . the entire amount of such note, loans, advances and any other amounts hereby secured, shall at the option of the holder of the note . . . immediately become due and payable; and upon application of the Association or the holder of the note . . ., it shall be lawful for and the duty of [the trustee] . . . to sell the land and premises . . . .

Respondents, Richard S. Robinson and wife, Irene K. Robinson, as prospective purchasers of the security property, thereafter contacted petitioner regarding assumption of the Bonder obligation. When informed that the assumption agreement would increase the interest rate from 7¾% to 12%, respondents did not complete or sign the application for assumption. When an attorney for the Bonders requested written consent to the conveyance, petitioner did not respond. The Bonders nevertheless proceeded to convey the property to respondents. The parties have stipulated that the petitioner did not consent in writing to the conveyance.

As a consequence of the conveyance without its written consent, petitioner, pursuant to the above quoted provisions, in-

stituted foreclosure. The clerk of superior court found no default and dismissed the proceeding. The superior court reversed, finding the conveyance absent petitioner's written consent an event of default in violation of the provisions of the deed of trust.

Respondents contend the court erred in refusing to admit evidence of and to consider their "legal defense" that the consent to transfer provision was included for the purpose of insuring the "credit worthiness" of those assuming the obligation, and was not intended to allow extraction of enhanced interest. The trial court based its refusal on its opinion

> that the case of IN RE WATTS, 38 N.C. App. 90, 247 S.E. 2d 427 (1978) is controlling and is authority for the proposition that the only evidence which may be considered . . . is that evidence which factually supports or rebuts the four findings of fact required by G.S. 45-21.16 and . . . evidence relating to other issues which may constitute a legal or equitable defense to foreclosure [is] inadmissible.

In *Watts* this court held only that, in a hearing pursuant to G.S. 45-21.16, the *equitable* jurisdiction of the court could not be invoked to enjoin a foreclosure sale. *In re Watts*, 38 N.C. App. 90, 94-95, 247 S.E. 2d 427, 429-430 (1978). It did not, however, hold that the alleged defaulting party is precluded from presenting *legal* defenses.

The statute provides for a hearing at which the clerk, and the superior court upon appeal, shall authorize the trustee to "proceed under the instrument, and . . . give notice of and conduct a sale" upon finding the existence of (1) a valid debt of which the party seeking to foreclose is the holder, (2) default, (3) right to foreclose under the instrument, and (4) notice to those entitled. G.S. 45-21.16(a), (d). Legal defenses which negate any of these requisite findings are properly considered at this hearing. For example, the alleged defaulting party could negate the existence of default, which is "[t]he omission or failure to perform a legal duty," Black's Law Dictionary 505 (rev. 4th ed. 1968), by establishing absence of legal obligation to perform an allegedly omitted duty, or by establishing full performance of the duty. While "G.S. 45-21.16 was intended by the legislature to meet minimum due process requirements, not to engraft upon the procedure for foreclosure under a power of sale all of the re-

quirements of a formal civil action," *In re Foreclosure of Sutton Investments*, 46 N.C. App. 654, 663, 266 S.E. 2d 686, 691, *disc. review denied*, 301 N.C. 90 (1980), to preclude presentation of legal defenses to the four requisites to authorization of sale would render the hearing provided by this statute a largely purposeless formality.

The court nevertheless correctly excluded and refused to consider respondents' proffered evidence. Our Supreme Court has construed a convenant requiring written consent to sale of security property under a deed of trust, when coupled with a clause permitting acceleration of maturity of the secured indebtedness upon non-compliance with the covenant, as a "due-on-sale" clause, which the lender may use to extract enhanced interest upon transfer of the security property. *Crockett v. Savings & Loan Assoc.*, 289 N.C. 620, 224 S.E. 2d 580 (1976). While in *Crockett* the security property was commercial, and here it is residential, we nevertheless find the *Crockett* rationale controlling. The language of the deed of trust here, like that in *Crockett*, is unambiguous. "Where the terms of the contract are not ambiguous, the express language of the contract controls in determining its meaning [,] and not what either party thought the agreement to be." *Crockett*, 289 N.C. at 631, 224 S.E. 2d at 588. The deed of trust here, like that in *Crockett*, in no way purports to restrict the lender's right to withhold consent to transfer to situations in which it deems itself insecure. The court thus properly excluded and refused to consider the proffered evidence purporting to show that the consent to transfer provision was for the purpose of insuring the "credit worthiness" of those assuming the obligation, and was not intended to allow extraction of enhanced interest.

The order allowing the trustee to proceed with foreclosure is affirmed.

Affirmed.

Judges VAUGHN and HILL concur.