IN RE: WILLIAM NICHOLAS FORTESCUE, JR., UNMARRIED, GRANTOR AND RECORD OWNER; FORECLOSURE OF DEED OF TRUST RECORDED IN BOOK 298, AT PAGE 141, IN THE OFFICE OF THE REGISTER OF DEEDS OF HENDERSON COUNTY, NORTH CAROLINA

No. 8429DC1244

(Filed 4 June 1985)

1. **Mortgages and Deeds of Trust § 25— loan modification agreement— when payment became delinquent— acceleration and foreclosure**

　　Where a loan modification agreement gave petitioner the right to accelerate the entire indebtedness if one monthly payment became delinquent, the monthly payment became delinquent when it was not made on or before its due date rather than after the thirty-day grace period contained in the original note. Therefore, a payment not made when due on 10 November became delinquent on 11 November, giving petitioner the right to accelerate the debt and to institute foreclosure proceedings when respondent did not pay the entire amount of the debt.

2. **Mortgages and Deeds of Trust § 25— equitable defenses against foreclosure— how raised**

　　Equitable defenses may not be raised in a hearing pursuant to G.S. 45-21.16, but must instead be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34.

APPEAL by respondent from *Gash, Judge.* Order entered 26 July 1984 in District Court, HENDERSON County. Heard in the Court of Appeals 17 May 1985.

This is an action to foreclose a deed of trust securing the payment of a promissory note. The action was instituted by the lender, Tryon Federal Savings and Loan Association, pursuant to a power of sale as set out in G.S. 45-21.1 *et seq.* Notice of hearing was filed on 9 December 1983 and the hearing was held 15 February 1984 before the Clerk of Superior Court, Henderson County. The Clerk of Superior Court entered an order allowing foreclosure from which respondent appealed.

A hearing *de novo* was held in District Court after which the court entered an order allowing petitioner to proceed with the foreclosure of the deed of trust. Respondent appealed from the order.

*McFarland and McFarland, by William A. McFarland, for petitioner, appellee.*

*Van Winkle, Buck, Wall, Starnes & Davis, Inc., by Albert L. Sneed, Jr., and Larry C. Harris, Jr., for respondent, appellant.*

HEDRICK, Chief Judge.

G.S. 45-21.16 provides that a mortgagee who seeks to exercise a power of sale under a mortgage or deed of trust may do so only upon proper notice to all interested parties and only after a hearing before the clerk of superior court. The clerk is directed by statute to authorize the mortgagee to proceed under the power of sale if the clerk "finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such. . . ." *Id.* Any party may appeal from the clerk's findings to the superior court, and the court is then to conduct a *de novo* hearing. *Id.* The superior court, like the clerk of court, is limited in its review to determination of the four factual issues set out above. *In re Watts*, 38 N.C. App. 90, 247 S.E. 2d 427 (1978).

In the instant case, Judge Gash found as facts that Tryon Federal is the owner and holder of a note representing a valid debt, that the debtor, William Fortescue, has defaulted in his payments on this note, that Tryon Federal has the right to foreclose in the event of default under the terms of the note, deed of trust, and loan modification agreement, and that Mr. Fortescue had proper notice of the hearing. On appeal, respondent assigns error to only one of these findings of fact; his contentions are set out in his brief as follows:

> Respondent-Appellant contends that it was error for the Trial Court to find that default occurred under the Note and Deed of Trust as modified. The reason that no default occurred is that payments were tendered before the date on which the right to accelerate arose.

[1] The dispositive issue on appeal is thus whether respondent tendered payment before petitioner's right to accelerate arose, or, stated another way, whether respondent was in default when petitioner instituted foreclosure proceedings. The following undisputed facts are pertinent to resolution of this issue:

On 24 April 1975 respondent executed a promissory note in favor of Tryon Federal, secured by a deed of trust executed the same day. The note provided that monthly installment payments were to be made "on or before the first day of each month," and contained the following acceleration clause:

> If default be made in the payment of any installment under this note as the same may become due . . . and if the default is not made good prior to the due date of the next such installment, the entire principal sum and interest shall at once become due and payable without notice at the option of the holder of this note.

On 13 April 1983, in consideration for dismissal of a foreclosure action against respondent, petitioner and respondent entered into a "loan modification agreement," which provided that monthly payments were due "on or before the 10th day of each month," and which contained the following acceleration clause:

> In the event one monthly payment as set forth herein shall become delinquent, then the entire indebtedness, together with accrued interest, shall immediately become due and payable and Tryon Federal Savings and Loan Association shall have the right to institute foreclosure.

The instrument further provided that "[e]xcept as herein modified, all other terms and conditions of the Promissory Note and Deed of Trust . . . shall remain in full force and effect."

Respondent tendered the installment payment due 10 September 1983 on 7 October 1983, and petitioner accepted this payment. The payment due 10 October 1983 was tendered and accepted on 7 November 1983. On 9 December 1983, petitioner, having received neither the November nor December payments from respondent, instituted foreclosure proceedings.

It is undisputed by the parties that petitioner has the right to accelerate the indebtedness, under the terms of the loan modification agreement, if one monthly payment becomes delinquent. The parties disagree, however, on the meaning of the word "delinquent." Respondent contends that the promissory note and loan modification agreement must be read together, and that a monthly payment is delinquent only if it is made after the thirty-day "grace period" contained in the promissory note. He thus argues

that the payment due 10 November would not have become delinquent, triggering petitioner's right to accelerate the debt, until 10 December. Consequently, he argues, all the evidence shows that he was not in default on 9 December 1983 when petitioner instituted foreclosure proceedings. Petitioner, on the other hand, argues that "the provision relating to default and acceleration in the Loan Modification Agreement effectively rescinded the similar provision contained in the Note." Consequently, petitioner argues, the payment due 10 November 1983 became delinquent on 11 November, and respondent was in clear default on 9 December 1983, when petitioner instituted foreclosure proceedings.

Resolution of the question presented is to be accomplished by construing the terms of the contract between the parties. All parties agree that the original contract was modified, and they further agree on the terms of the modification. As pointed out above, the only question before the trial judge was the meaning to be given the word "delinquent" in the loan modification agreement or, said another way, how the contract as modified was to be interpreted.

Where a second contract involves the same subject matter as the first, but where no rescission has occurred, the contracts must be construed together in identifying the intent of the parties and in ascertaining what provisions of the first contract remain enforceable, and in such construction the law pertaining to interpretation of a single contract applies. *Bank v. Supply Co.*, 226 N.C. 416, 38 S.E. 2d 503 (1946). "When a contract is in writing and free from any ambiguity which would require resort to extrinsic evidence, or the consideration of disputed fact, the intention of the parties is a question of law. The court determines the effect of their agreement by declaring its legal meaning." *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E. 2d 622, 624 (1973). The court's primary purpose in construing a contract is to ascertain the intention of the parties. *Id.* at 409-10, 200 S.E. 2d at 624. "The court must construe the language of the contract according to its ordinary meaning, and in light of the stated purpose of the parties in executing the contract, to ascertain the intention of the parties with respect to particular provisions." *Cone v. Cone*, 50 N.C. App. 343, 349, 274 S.E. 2d 341, 345, *disc. rev. denied*, 302 N.C. 629, 280 S.E. 2d 440 (1981).

In the instant case, we note that the loan modification agreement states that respondent was "allegedly in default in payment" under the promissory note, and that the consideration for that agreement was dismissal of foreclosure proceedings instituted by petitioner. We further note that the later agreement provided that monthly payments were to be made on or before the tenth day of each month, rather than the first day, as had been provided in the promissory note. Finally, we note that the thirty-day grace period relied on by respondent is contained in the clause in the note governing petitioner's right to accelerate the debt, and that the loan modification agreement contains a new acceleration clause, which provides that petitioner may accelerate the debt in the event "one monthly payment as set forth herein shall become delinquent." We think it clear that Judge Gash gave the word "delinquent" its plain meaning, i.e., overdue or late, and that such a construction of the terms of the contract as modified is entirely consistent with the intent of the parties. Consequently, it is clear that respondent became delinquent in making his November payment on 11 November, triggering petitioner's right to accelerate the debt and to institute foreclosure proceedings when respondent did not pay petitioner the entire amount of the debt.

[2] Respondent next contends that the court erred in finding default because "even if respondent-appellant tendered payments after they were due, the lender waived its right to prompt payment by accepting late payments for the months of September and October." This Court has repeatedly held that equitable defenses may not be raised in a hearing pursuant to G.S. 45-21.16, but must instead be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34. *See, e.g., In re Watts*, 38 N.C. App. 90, 247 S.E. 2d 427 (1978); *In re Foreclosure of Deed of Trust*, 55 N.C. App. 68, 284 S.E. 2d 553 (1981), *disc. rev. denied*, 305 N.C. 300, 291 S.E. 2d 149 (1982).

The judgment of the trial court is

Affirmed.

Judges WEBB and WHICHARD concur.