**IN RE FORECLOSURE OF GODWIN**

[121 N.C. App. 703 (1996)]

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY ELLIS R. GODWIN, UNMARRIED, AND NETTIE L. GODWIN, WIDOW, DATED JULY 23, 1993, RECORDED IN BOOK 4097, PAGE 1748, GUILFORD COUNTY REGISTRY TO JOSEPH G. MADDREY, TRUSTEE.

No. COA94-1164

(Filed 5 March 1996)

**Mortgages and Deeds of Trust § 83 (NCI4th)— competency of mortgagor—equitable defense to foreclosure—issue not raised in N.C.G.S. § 45-21.16 hearing**

The relief potentially available because of a mortgagor's incompetency is equitable in nature; accordingly, the incompetency of a mortgagor to execute a note and deed of trust is an equitable rather than a legal defense to foreclosure under a power of sale clause and may not be raised in a pre-foreclosure hearing under N.C.G.S. § 45-21.16, either before the clerk or before the superior court on appeal. One way to raise such a defense to foreclosure by a power of sale is to bring an action to enjoin foreclosure under N.C.G.S. § 45-21.34.

**Am Jur 2d, Mortgages §§ 760, 761.**

Appeal by respondent from order entered 18 July 1994 by Judge Hollis M. Owens, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 18 October 1995.

*Turner Enochs & Lloyd, P.A., by William J. O'Malley, for respondent-appellant Delano Godwin, acting individually and on behalf of the Estate of Ellis R. Godwin.*

*Joseph L. Anderson for appellee Isometrics, Inc. (Brief was filed by Smith Helms Mulliss & Moore, L.L.P., by Gregory G. Holland, who was allowed to withdraw as counsel of record by order of this Court dated 3 January 1996).*

LEWIS, Judge.

At issue in this appeal is whether a superior court judge, in a pre-foreclosure hearing under N.C. Gen. Stat. section 45-21.16, must hear evidence concerning the competency of a mortgagor to execute a deed of trust.

On 23 July 1993 Ellis R. Godwin, unmarried, and his mother, Nettie Godwin, widow, executed a note and deed of trust recorded in Book 4097, Page 1748, Guilford County Registry. Both Ellis and Nettie Godwin died soon afterward. On 10 May 1994, foreclosure proceedings were initiated pursuant to a power of sale provision in the deed of trust for the benefit of appellee Isometrics, Inc., the owner and holder of the note and deed of trust.

On 14 June 1994 a hearing pursuant to G.S. section 45-21.16 was held before Sharon R. Williams, Assistant Clerk of Superior Court ("the clerk") in Guilford County. At this hearing, respondent Delano Godwin, acting individually and on behalf of the Estate of Ellis R. Godwin, sought to offer evidence that Ellis R. Godwin was incompetent at the time he signed the note and deed of trust. Pursuant to G.S. section 45-21.16, the clerk found proper notice, a valid debt, default, and a right to foreclose under the deed of trust and ordered the sale to proceed. Respondent appealed the clerk's order to superior court pursuant to G.S. section 45-21.16(d) asserting that the clerk erred by not hearing the evidence of incompetency.

The appeal was heard before Judge Hollis M. Owens, Jr. By order entered 18 July 1994, Judge Owens refused to hear any evidence of incompetency on the grounds that he did not have jurisdiction to hear this issue in an appeal brought under G.S. section 45-21.16. He further ruled that the issue of incompetency must be raised by an action to enjoin the foreclosure under N.C. Gen. Stat. section 45-21.34. Respondent appeals this order.

In a pre-foreclosure hearing under a power of sale clause in a deed of trust, the Clerk of Superior Court in the county where the land is located makes four findings after hearing the parties' evidence. Before authorizing a foreclosure sale, the clerk must find "the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice" to entitled persons. G.S. § 45-21.16(d) (1991). Upon appeal *de novo* from the clerk's order authorizing the trustee to proceed with the sale, the superior court is limited to determining these same four issues. *In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993).

Respondent contends that the court should have heard evidence of whether Ellis R. Godwin was incompetent when the note and deed of trust were executed because this would affect the validity of the debt.

## IN RE FORECLOSURE OF GODWIN

[121 N.C. App. 703 (1996)]

Evidence of legal defenses that tend to negate any of the four findings made under G.S. section 45-21.16 may be raised and considered at the hearing before the clerk or on an appeal therefrom. *Id.* at 374-75, 432 S.E.2d at 859. In contrast, equitable defenses to foreclosure may not be raised in a hearing or appeal pursuant to G.S. section 45-21.16 but must be raised in an action to enjoin the foreclosure pursuant to G.S. section 45-21.34. *Id.* at 374, 432 S.E.2d at 859.

The question, then, is whether, in a hearing or appeal under G.S. section 45-21.16(d), proof of a mortgagor's lack of competency to execute a note and deed of trust is a legal or an equitable defense to the validity of a debt.

A deed executed by an incompetent grantor may be set aside by a suit in equity to rescind or cancel the deed. *See Sprinkle v. Wellborn*, 140 N.C. 163, 173, 52 S.E. 666, 669 (1905) (discussing circumstances when equity will grant relief). But such relief is not available as a matter of right. *See id.* at 173, 175, 52 S.E. at 669, 670. Rather, a court in the exercise of its equitable jurisdiction must weigh the equities of a particular case to reach a just resolution. *Id.* For example, if a contract, note or deed is held by a good faith purchaser for value who took without notice of the incompetency of a grantor and without any fraud or unfair dealing, a court may refuse to cancel the deed as to that purchaser if the parties cannot be put *in statu quo*. *Wadford v. Gillette*, 193 N.C 413, 420, 422, 137 S.E. 314, 317 (1927); *Sprinkle*, 140 N.C. at 175, 52 S.E. at 670; *Riggan v. Green*, 80 N.C. 236, 239 (1879).

The relief potentially available because of a mortgagor's incompetency is equitable in nature. Accordingly, the incompetency of a mortgagor is an equitable rather than a legal defense to foreclosure and may not be raised in a hearing under G.S. section 45-21.16, either before the clerk or before the superior court on appeal. As the trial court properly concluded, one way to raise such a defense to foreclosure by power of sale in a deed of trust is to bring an action to enjoin the foreclosure under G.S. section 45-21.34.

Affirmed.

Judges WALKER and MARTIN, MARK D. concur.