IN THE MATTER OF FORECLOSURE UNDER THAT DEED OF TRUST EXECUTED BY: AZALEA GARDEN BOARD AND CARE, INC., DATED DECEMBER 28, 1989 AND RECORDED AT BOOK 1683 PAGE 740, FORSYTH COUNTY REGISTRY. SEE APPOINTMENT OF SUBSTITUTE TRUSTEE RECORDED IN BOOK 2003 PAGE 2351, FORSYTH COUNTY REGISTRY

No. COA99-463

(Filed 19 September 2000)

**1. Mortgages— foreclosure—assignment—no default based solely on earlier default**

The trial court did not err in a foreclosure action by its findings and conclusions that Azalea Garden Board and Care, Inc. (Azalea) did not default under its deed of trust assigned to WRH Mortgage, Inc. (WRH) based solely on Azalea's earlier default on a debt to Housing and Urban Development, because WRH purchased the debt under new terms with a new default provision.

**2. Mortgages— foreclosure—de novo hearing**

The trial court in the appeal of a foreclosure action is to conduct a de novo hearing to determine the same four issues determined by the clerk of court, including: (1) the existence of a valid debt of which the party seeking foreclosure is the holder; (2) the existence of default; (3) the trustee's right to foreclosure under the instrument; and (4) the sufficiency of notice of hearing to the record owners of the property.

**3. Mortgages— foreclosure—default—modification of deed of trust—compromise and settlement agreement**

The trial court erred in denying WRH Mortgage Inc.'s right to foreclosure by finding no default by Azalea Garden Board and Care, Inc. under the deed of trust, because the trial court improperly determined the rights of the parties under the deed of trust only when the provisions of the original promissory note, modified by the compromise and settlement agreement and the amended plan of reorganization, also apply.

**4. Collateral Estoppel and Res Judicata— collateral estoppel—issue not precluded**

The trial court was not barred by collateral estoppel in a foreclosure action from hearing evidence concerning factual disputes relating to whether Azalea Garden Board and Care, Inc. (Azalea) had performed its obligations under the compromise and settle-

ment agreement executed by the parties even though WRH contends those disputes had previously been litigated in the Bankruptcy Court, because: (1) the Bankruptcy Court determined the issue of whether Azalea was in compliance with its confirmed plan of reorganization and lifted the automatic stay allowing WRH to proceed with the foreclosure action in state court; and (2) the state foreclosure action determined the issue of whether Azalea was in default under the promissory note and deed of trust.

**5. Mortgages— foreclosure—equitable defenses—acceptance of late payments**

The trial court erred in a foreclosure action by considering the equitable defense of acceptance of late payments in its findings and conclusions that no default had occurred, because equitable defenses to foreclosure may not be raised in a hearing under N.C.G.S. § 45-21.16, but must instead be asserted in an action to enjoin the foreclosure sale under N.C.G.S. § 45-21.34.

Appeal by WRH Mortgage, Inc. from an order entered 17 September 1998 by Judge William Z. Wood, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 13 January 2000.

*Northen Blue, L.L.P., by J. William Blue, Jr., for petitioner-appellant.*

*Tuggle Duggins & Meschan, P.A., by Robert C. Cone, for respondent-appellee.*

McGEE, Judge.

The issue on appeal is whether the trial court erred in finding that Azalea Garden Board and Care, Inc. (Azalea) did not default under its deed of trust assigned to WRH Mortgage, Inc. (WRH), and therefore WRH could not foreclose on the deed of trust. Azalea is a North Carolina corporation that owns and operates Brookside Gardens, a rest home in Winston-Salem, North Carolina. Azalea executed a promissory note on 28 December 1989 to First Union Mortgage Corporation in the amount of $2,838,200 and a deed of trust on the rest home real property as security for the note. The promissory note was amended on 22 July 1991 and again on 16 March 1994. The promissory note and deed of trust were assigned to the Secretary of Housing and Urban Development (HUD) on 10 April 1995. HUD initiated foreclosure proceedings in early 1996 after Azalea defaulted on the debt.

**IN RE FORECLOSURE OF AZALEA GARDEN BD. & CARE, INC.**

[140 N.C. App. 45 (2000)]

Azalea filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Middle District of North Carolina on 24 February 1997 and filed a plan of reorganization on 2 July 1997. WRH purchased Azalea's note and deed of trust from HUD for $1,700,000 on 29 July 1997. In a compromise and settlement agreement effective 1 October 1997, Azalea agreed to satisfy its debt to WRH by: (1) monthly payments of $20,000, beginning on or before 1 November 1997, (2) lump sum payment to WRH of $2,750,000 on or before 31 December 1998, and (3) execution of a new promissory note for $150,000 to be paid over five years, secured by a deed of trust on the real property. Azalea then signed an amendment to the plan of reorganization of the debtor in possession on 8 October 1997, which included a provision that Azalea would execute and deliver to its attorney a deed in lieu of foreclosure on or before 5 November 1997 to be held in escrow by Azalea's attorney for delivery to WRH in the event of a default under the plan of reorganization. WRH voted to accept the plan as amended and the Bankruptcy Court approved the amended plan by an order entered 12 November 1997.

WRH notified Azalea in a letter dated 28 January 1998 that "WRH considers the Debtor to be in default under the applicable agreements, but may be willing to defer the exercise of its remedies without waiving the default under certain conditions." In response, Azalea sought review of its conduct by the Bankruptcy Court by filing a motion requesting a determination that Azalea had complied with its obligations under the compromise and settlement agreement. In a hearing on 24 March 1998, the Bankruptcy Court determined that "the Debtor is in default under the various terms and conditions of the Plan as amended and . . . the terms and conditions of the Settlement Agreement were incorporated into the Plan amendment by reference." The Bankruptcy Court concluded in an order dated 1 April 1998 that "WRH is entitled to proceed with foreclosure[.]"

Azalea appealed the order of the Bankruptcy Court to the United States District Court for the Middle District of North Carolina. In a memorandum opinion entered 7 December 1998, the United States District Court determined the Bankruptcy Court had subject matter jurisdiction to enter the 1 April 1998 order, and that "the Bankruptcy Court's factual findings [were] not clearly erroneous and thus must be applied to the law to determine whether a default occurred." The court concluded that there was a default by Azalea under the amended plan and agreement, and that WRH was entitled to foreclose on the property. Azalea appealed to the United States Court of

Appeals for the Fourth Circuit, which affirmed the District Court in an order entered 31 May 2000. The Fourth Circuit Court of Appeals rejected Azalea's challenge to the Bankruptcy Court's jurisdiction and Azalea's arguments and noted that Azalea "does not dispute the supporting facts" underlying its decision that Azalea defaulted.

WRH filed this action before the Clerk of Superior Court in Forsyth County on 15 May 1998, pursuant to N.C. Gen. Stat. § 45-21.16, to commence foreclosure against the rest home property. A hearing was held before an assistant clerk of Superior Court on 16 June 1998 and in an order dated 22 June 1998, the clerk made findings of fact, including

> [t]hat the Debtor is in default under the Note and Deed of Trust as modified for the following reasons:
>
> a. Failure to make timely installment payments of principal and interest;
>
> b. Failure to pay ad valorem property taxes as they become due;
>
> c. Failure to deliver specific financial reports requested by WRH; and
>
> d. Failure to maintain insurance on the real property described in the Deed of Trust.

Azalea filed notice of appeal to Forsyth County Superior Court. Following a hearing, the trial court entered an order on 17 September 1998 finding no default by Azalea under the deed of trust and denying WRH's right to foreclose against the real property. WRH appeals from this order.

In its appeal to our Court, WRH argues the trial court erred in finding no default by Azalea under the deed of trust and in denying WRH the right to foreclose. WRH specifically argues the trial court erred: (I) in its findings of fact and conclusions of law that no default had occurred in light of the prior acknowledgment by Azalea that it was in default and other evidence of default; (II) in hearing evidence concerning factual disputes as to whether Azalea had performed its obligations under the compromise and settlement agreement when those disputes had previously been litigated in Bankruptcy Court; (III) in considering equitable defenses raised by Azalea that no default had occurred; and (IV) in finding no right to foreclose existed

under the deed of trust in light of the plain language of the deed of trust.

I.

[1] WRH first argues the trial court erred in its findings and conclusions that no default had occurred because Azalea "had previously acknowledged it was in default of its obligations and all of the other competent evidence before the trial court indicated that Azalea was in default of its obligations." WRH further contends that Azalea may not "assert a particular position in an action and then assert a contrary position in subsequent proceedings after having accepted the benefits of its first position."

Prior to 29 July 1997, the day WRH purchased the note and deed of trust from HUD, Azalea had already filed its bankruptcy petition and filed a plan for reorganization. The amendment to the plan of reorganization was dated 2 July 1997, at which time HUD still held Azalea's note and deed of trust. WRH subsequently purchased the note and deed of trust from HUD and executed a compromise and settlement agreement with Azalea effective 1 October 1997. The compromise and settlement agreement expressly states that "the Debtor has sought protection under the provisions of Chapter 11 . . . by filing a petition with the United States Bankruptcy Court" and "the note and deed of trust are in default[.]" Knowing these facts, WRH purchased Azalea's debt and created a payment schedule by which Azalea would pay WRH.

The compromise and settlement agreement stated that "the parties hereto have now negotiated, agreed, and announced to the Court a settlement of this dispute whereby, with appropriate further orders of the Court, the claims of WRH will be treated in the manner set forth below." The compromise and settlement agreement further stated that "[i]n the event the Debtor fails to timely pay . . . or fails to comply with any other provision of this Agreement . . . WRH may proceed with its rights and remedies under the Loan Documents." We are not persuaded by WRH's argument that Azalea is in default under their agreement merely because Azalea was earlier in default on a debt to HUD, a debt that WRH purchased under new terms with a new default provision.

[2] We next determine whether other competent evidence before the trial court indicated that Azalea was in default of its obligations as argued by WRH. Our Supreme Court has stated that the trial court in

the appeal of a foreclosure action is to conduct a *de novo* hearing to determine the same four issues determined by the clerk of court: (1) the existence of a valid debt of which the party seeking foreclosure is the holder, (2) the existence of default, (3) the trustee's right to foreclose under the instrument, and (4) the sufficiency of notice of hearing to the record owners of the property. *In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993). The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings. *Walker v. First Federal Savings and Loan*, 93 N.C. App. 528, 532, 378 S.E.2d 583, 585, *disc. review denied*, 325 N.C. 320, 381 S.E.2d 791 (1989).

The order of the trial court states that "[f]oreclosure of the Deed of Trust is not permissible under Chapter 45 of the North Carolina General Statutes." The trial court's order reviewed the reasons WRH argued it was entitled to foreclose and found that:

(10) Except for [the 22 July 1991 and 16 March 1994 amendments], the Deed of Trust has not been amended. The confirmed amended plan did not amend the Deed of Trust. WRH, Azalea and the trustee under the Deed of Trust did not execute any instrument modifying or purporting to modify the Deed of Trust.

. . .

(12) Nothing in the Deed of Trust requires that any monthly financial statements or other monthly reports be provided by Azalea to WRH.

. . .

(15) Azalea was current on all of the Monthly Payments as of May 13, 1998, two (2) days prior to commencement of the foreclosure proceeding on May 15, 1998.

. . .

(18) At the time foreclosure was commenced, there were in fact no unpaid delinquent <u>ad valorem</u> taxes due on the Real Property, and there are no delinquent <u>ad valorem</u> taxes owing at this time.

. . .

(22) At the time foreclosure was commenced, the Real Property was in fact covered by insurance and such coverage remains in effect.

Five documents set out the rights of the parties in this case: (1) the original 1989 promissory note from Azalea to First Union Mortgage Corporation, (2) the 1989 deed of trust securing that promissory note, (3) the plan of reorganization in Bankruptcy Court filed 2 July 1997, (4) the compromise and settlement agreement effective 1 October 1997, and (5) a subsequent amendment to the plan of reorganization accepted by WRH and approved by the Bankruptcy Court in an order entered 12 November 1997.

First, the original 1989 promissory note from Azalea to First Union Mortgage Corporation, and later transferred to HUD, evidences the actual indebtedness of Azalea. Second, the accompanying deed of trust is "essentially a security" by which "the legal title to real property is placed in one or more trustees, to secure the repayment of a sum of money or the performance of other conditions." Black's Law Dictionary 414 (6th ed. 1990). A deed of trust gives the note holder a contractual remedy for default, namely a right to foreclose under the instrument. *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918 (1980). The power of sale in a deed of trust is "a contractual arrangement in a mortgage or a deed of trust which 'confer[s] upon the trustee or mortgagee the "power" to sell the real property mortgaged without any order of court in the event of a default.' " *In re Foreclosure of Michael Weinman Associates*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993) (citing James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 281, at 331 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 3d ed. 1988)).

Third, the plan of reorganization specifies that "[t]he documents securing the loan remain in full force and effect, subject to the forbearances specifically provided for in this Plan with respect to enforcement of the loan documents." Fourth, the compromise and settlement agreement between Azalea and WRH, signed after Azalea defaulted on its obligation to HUD and after WRH purchased the promissory note, states that the parties "have now negotiated, agreed, and announced to the Court a settlement of this dispute whereby . . . the claims of WRH will be treated in the manner set forth below." Fifth, the subsequent amendment to the plan of reorganization specifically states that the compromise and settlement agreement "will be incorporated into the Plan as Amended as a part of the Court's Order Confirming the Plan as Amended."

**[3]** WRH contends, and we agree, that in this case the promissory note, modified by the compromise and settlement agreement and amended plan of reorganization, imposes payment obligations on Azalea as the debtor.

> Where a [subsequent] contract involves the same subject matter as the first, but where no recission has occurred, the contracts must be construed together in identifying the intent of the parties and in ascertaining what provisions of the first contract remain enforceable, and in such construction the law pertaining to interpretation of a single contract applies.

*In re Foreclosure of Fortescue,* 75 N.C. App. 127, 130, 330 S.E.2d 219, 221 (1985) (citation omitted) (applying terms of a loan modification agreement to find default of promissory note and foreclosure of deed of trust). "The court's primary purpose in construing a contract is to ascertain the intention of the parties." *Id.* at 130, 330 S.E.2d at 222; *see also In re Foreclosure of Sutton Investments,* 46 N.C. App. 654, 659-60, 266 S.E.2d 686, 689 (1980) ("[W]e conclude initially that proper interpretation of the provisions in the Note and the Deed of Trust prescribing the conditions of default requires that the instruments be read together as one contract rather than as two independent agreements."). The compromise and settlement agreement and the amended plan of reorganization set new, specific requirements that the parties in this case intended to follow, in addition to any agreements in the original promissory note and deed of trust, that were not irreconcilable. The issue for determination is whether Azalea defaulted under the original promissory note, modified by the compromise and settlement agreement and the amended plan of reorganization, thus entitling WRH to foreclose under the deed of trust.

WRH specifically contends that Azalea was clearly in default for: (1) failure to submit to WRH required monthly financial reports for at least three months; (2) mailing its February 1998 payment on 9 February 1998, causing WRH to receive the payment after the 10 February due date; (3) leaving a $488.65 deficit in property tax liabilities; (4) allowing insurance on the rest home to lapse due to nonpayment of premiums; and (5) failure to submit by 5 November 1997 a deed in lieu of foreclosure to be held in escrow by its attorney, which the parties had agreed upon in order to secure Azalea's performance under the compromise and settlement agreement and amended plan of reorganization.

As to the monthly financial reports, Azalea counters that "[w]hile it is clear that [it] . . . did provide detailed financial information on a monthly basis, [the trial court] correctly found . . . that nothing in the Deed of Trust required that any monthly financial statements or other monthly reports be provided[.]" Azalea states, "Obviously . . . WRH was relying upon language in the Compromise Agreement." The provisions of the compromise and settlement agreement are valid, and Azalea provides no support for the contention that it provided detailed financial information on a monthly basis. Appearing in the record is a letter dated 8 December 1997, in which WRH requested from Azalea several financial reports. WRH named three specific financial reports that had not been received for September and October 1997, and six specific reports that had not been received for November 1997 and subsequent months.

Azalea next argues that "WRH contended that the payment for February had been received two (2) days late, but there was no contention that this payment had been late by a month or more, as required [for a finding of default] by Paragraph 10 of the Deed of Trust." One of the detailed provisions of the compromise and settlement agreement between the parties reached in Bankruptcy Court instructs Azalea to produce $20,000 payments "on or before the 10th day of each month[.]" Additionally, the amendment to the plan of reorganization provides "Azalea Gardens has agreed to make an adequate protection payment to WRH in the amount of $20,000.00 . . . on or before the 10th day of each month beginning in December, 1997[.]" Azalea does not claim it paid the February amount at a time that would have permitted WRH to receive it on or before 10 February 1998 as agreed. The boilerplate language in the deed of trust securing a note originally owed to First Union Mortgage Corporation and then to HUD does not contain the full agreement between Azalea and WRH. The compromise and settlement agreement and plan of reorganization that were negotiated, amended and ratified by the parties in this case modified the original documents as in *In re Foreclosure of Fortescue*, 75 N.C. App. at 129-130, 330 S.E.2d at 221.

Azalea further contends "the evidence clearly show[s] . . . at the time the foreclosure was commenced on May 15, 1998, there were in fact no unpaid delinquent *ad valorem* taxes due . . . nor were there any delinquent *ad valorem* taxes owing at the time of the [trial court] hearing [of 21 August 1998]." Azalea cites no evidence in the record to support such contention. The amendment to the plan of reorganization provides "Azalea Gardens agrees to pay ad valorem property

taxes as they become due during the term of its payment agreement with WRH." In the record on appeal, a billing statement from the office of the Forsyth County Tax Collector dated 21 August 1997 indicates a total liability of $24,432.38 due on 1 September 1997, and past due on 6 January 1998. A receipt dated 28 January 1998 indicates a remaining balance due of $488.65.

With regard to payment of insurance premiums, Azalea insists WRH did not follow the terms of the deed of trust that required Azalea be notified of "the pending lapse" in coverage, nor did WRH pay the premiums and make demand for reimbursement in the event the debtor failed to pay the premiums. However, the compromise and settlement agreement provides that "the Debtor shall . . . maintain insurance upon the Property, which shall name WRH as an additional insured[.]" The compromise and settlement agreement does not provide that WRH give notice to Azalea when coverage may terminate, nor does it provide for payment by WRH and subsequent demand for reimbursement. A notice of cancellation in the record dated 10 February 1998 states "[o]ur records indicate that your premium payment was not received by the due date [of 31 January 1998]. The policy described herein is canceled for non-payment of premium effective . . . 03/01/98." A handwritten notation indicates that the policy was canceled on 4 March 1998.

We believe the trial court erred in determining the rights of the parties under the deed of trust only, when the provisions of the original promissory note, modified by the compromise and settlement agreement and the amended plan of reorganization, also apply. We hold the trial court's order denying WRH's right to foreclose by finding no default by Azalea under the deed of trust was in error.

II.

[4] WRH contends the trial court erred in "hearing evidence concerning factual disputes relating to whether Azalea had performed its obligations under the compromise and settlement agreement executed by the parties when those disputes had previously been litigated in the Bankruptcy Court." Through this argument WRH seeks the application of collateral estoppel to prevent the trial court from making determinations it contends the Bankruptcy Court had already adjudicated.

Although mutuality of parties is no longer required when invoking either offensive or defensive collateral estoppel, the parties in the

**IN RE FORECLOSURE OF AZALEA GARDEN BD. & CARE, INC.**

[140 N.C. App. 45 (2000)]

case before us are clearly the same in both actions. *Rhymer v. Estate of Sorrells*, 127 N.C. App. 266, 488 S.E.2d 838 (1997). "Having decided that the parties are the same, we must next determine whether another requirement for the application of collateral estoppel—identity of issues—is present." *King v. Grindstaff*, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973).

> In determining whether collateral estoppel is applicable to specific issues, certain requirements must be met: (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Id.* (citations omitted); *see also State v. Summers*, 351 N.C. 620, 528 S.E.2d 17 (2000) (citing *Grindstaff* and enumerating same four requirements for identity of issues).

We focus on the first requirement that "[t]he issues to be concluded must be the same as those involved in the prior action[.]" *King*, 284 N.C. at 358, 200 S.E.2d at 806. Generally in the bankruptcy proceeding, Azalea sought a determination from the Bankruptcy Court that it was in compliance with its confirmed plan of reorganization. The Bankruptcy Court entered an "[o]rder denying the motion by debtor for determination of compliance with the terms of the debtor's confirmed plan of reorganization" on 1 April 1998. According to the order, the result was that "WRH is entitled to proceed with foreclosure and WRH is entitled to receive all documents that Debtor's counsel presently holds in escrow."

The role of the Bankruptcy Court was to determine whether Azalea was in compliance with its plan of reorganization. WRH contended Azalea had failed to comply and that it was entitled to relief from the automatic stay in order to pursue its claims against the rest home property that was security for Azalea's debt. *See* 11 U.S.C. § 362(d). While the automatic stay is in effect, a creditor cannot pursue the bankruptcy debtor for a money judgment on any debt listed in the bankruptcy petition. Such protection serves as an injunction against enforcing the personal obligation of the debtor but it does not affect a security interest that a debtor has voluntarily given in property to secure the payment of a debt.

IN RE FORECLOSURE OF AZALEA GARDEN BD. & CARE, INC.

[140 N.C. App. 45 (2000)]

During the bankruptcy proceedings, a creditor can move for relief from stay in order to pursue property that is security for a debt. 11 U.S.C. § 362(d). Once a motion for relief from stay is granted to a creditor, the creditor is free to foreclose on its security interest in the property. However, the Bankruptcy Court in this case had no jurisdiction over the foreclosure action and could not have granted a decree of foreclosure. The Bankruptcy Court appropriately considered the issue brought before it by Azalea for a determination of whether Azalea was in compliance with its confirmed plan of reorganization. The Bankruptcy Court also determined the relief sought by WRH for an "Order in Aid of Consummation" entitling WRH to receive a deed in lieu of foreclosure and for the stay to be lifted allowing WRH to proceed with a foreclosure action in state court. WRH was free to proceed with the foreclosure action in state court as soon as the stay of proceedings against the real property was lifted in Bankruptcy Court.

In the state foreclosure action, Azalea argued no default occurred under the deed of trust and WRH could not foreclose. The procedure for foreclosure of a deed of trust is governed principally by N.C. Gen. Stat. § 45-21.16, providing that "[i]f the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice . . . then the clerk shall authorize [foreclosure]." N.C. Gen. Stat. § 45-21.16(d) (1999). A hearing was held before the Forsyth County Clerk of Superior Court resulting in a determination that Azalea was in default under the promissory note and deed of trust. Azalea appealed to Forsyth County Superior Court and the trial court entered an "[o]rder finding no default under deed of trust and denying right to foreclose." The order states that "[f]oreclosure of the Deed of Trust is not permissible under Chapter 45 of the North Carolina General Statutes."

In order for collateral estoppel to apply in this case, the issues to be concluded must be the same as those in the prior Bankruptcy Court action, and as shown above, the issues determined by the trial court were not the same as those determined by the Bankruptcy Court. *See Edmundson Investment Company v. Florida Treco, Inc.*, 633 S.W.2d 599 (Tex. App.-Hous. 1982) (not same distinct issue in Bankruptcy Court, where issue was whether property could be removed from under the stay, and in state court, the issue was foreclosure).

IN RE FORECLOSURE OF AZALEA GARDEN BD. & CARE, INC.

[140 N.C. App. 45 (2000)]

The Bankruptcy Court in the Chapter 11 proceeding and, in turn, the clerk of court and the trial court in the state foreclosure proceeding appropriately carried out their required consideration of the issues before each court. Collateral estoppel did not preclude each court from considering the appropriate issues before it.

III.

[5] WRH's third argument is that the trial court erred in considering equitable defenses raised by Azalea with regard to its findings and conclusions that no default had occurred.

> Legal defenses which negate any of these requisite findings [(the four factors set out in N.C.G.S. § 45-21.16)] are properly considered at this hearing. . . . [T]o preclude presentation of legal defenses to the four requisites to authorization of sale would render the hearing provided by this statute a largely purposeless formality.

*In re Foreclosure of Deed of Trust*, 55 N.C. App. 373, 375-76, 285 S.E.2d 615, 616, *aff'd*, 306 N.C. 451, 293 S.E.2d 798 (1982); *see also In re Foreclosure of Godwin*, 121 N.C. App. 703, 705, 468 S.E.2d 811, 812 (1996). The mortgagor in *In re Foreclosure of Fortescue*, 75 N.C. App. at 131, 330 S.E.2d at 222, contended that the trial court erred in finding default because "even if respondent-appellant tendered payments after they were due, the lender waived its right to prompt payment by accepting late payments[.]" Our Court determined this was an equitable defense and held that "equitable defenses [to foreclosure] may not be raised in a hearing pursuant to G.S. 45-21.16, but must instead be asserted in an action to enjoin the foreclosure sale under G.S. 45-21.34." *Id.* (citations omitted); *In re Foreclosure of Godwin*, 121 N.C. App. at 705, 468 S.E.2d at 813; *accord Meehan v. Cable*, 127 N.C. App. 336, 339, 489 S.E.2d 440, 442-43 (1997); *In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978). "Equitable defenses to foreclosure, such as waiver of the right to prompt payment through acceptance of late payments must be asserted in an action to enjoin the foreclosure sale [.]" *Meehan*, 127 N.C. App. at 340, 489 S.E.2d at 444 (emphasis omitted) (citing *In re Foreclosure of Goforth Properties, Inc.*, 334 N.C. 369, 374, 432 S.E.2d 855, 859 (1993)).

In the case before us, the order of the trial court tends to show the court considered an equitable defense of Azalea when the order stated that "[e]ven if Azalea had been late by more than one (1) month on any particular payment, any such timing default was waived by

WRH's accepting Monthly Payments prior to commencement of the foreclosure proceeding and thereafter." An equitable defense of acceptance of late payment was considered by the trial court even though the trial court did not specifically state it used equity in reaching its decision. "Although a Superior Court Judge has general equitable jurisdiction, N.C. Const. Art. IV, § 1, *Hospital v. Comrs. of Durham*, 231 N.C. 604, 58 S.E.2d 696 (1950), a court is without jurisdiction unless the issue is brought before the court in a proper proceeding." *In re Watts*, 38 N.C. App. at 94, 247 S.E.2d at 429 (citations omitted). Judicial economy and efficient resolution of disputes would be well served in this case if the trial court could determine equity in the foreclosure proceeding; however, equitable defenses must be determined pursuant to the procedure set forth in N.C. Gen. Stat. § 45-21.34 (1999). The trial court erred in considering an equitable defense to foreclosure, which Azalea must pursue through an action to enjoin the foreclosure based on that equitable defense.

Based upon our determination of WRH's first three arguments, it is not necessary for us to review its final argument.

The order of the trial court denying WRH's right to foreclose by finding no default by Azalea is reversed. Reversed and remanded for action by the trial court consistent with this opinion.

Judges JOHN and HUNTER concur.

Judge JOHN concurred in this opinion before 31 August 2000.