WARREN B. MOSLER, THROUGH HIS ATTORNEY IN FACT, ALAN SIMON, PETITIONER v. DRUID HILLS LAND CO., INC., ALLAN J. GREENE, AS TRUSTEE FOR DRUID HILLS LAND TRUST 2000; MICHAEL MARTIN, INDIVIDUALLY AND AS OFFICER AND TRUSTEE, RESPONDENTS

No. COA08-1146

(Filed 18 August 2009)

**Mortgages and Deeds of Trust—foreclosure—subject matter jurisdiction—merger—equitable relief exceeds permissible scope of review**
     The trial court lacked subject matter jurisdiction in an action for foreclosure under power of sale under N.C.G.S. § 45-21.16 to consider the equitable defense of merger.

Appeal by respondents from order entered 10 March 2008 by Judge J. Marlene Hyatt in Henderson County Superior Court. Heard in the Court of Appeals 26 February 2009.

*Law Office of Frank B. Jackson by James L. Palmer and Frank B. Jackson, for petitioner-appellee.*

*John E. Tate, Jr., for respondents-appellants.*

STROUD, Judge.

This case presents the sole question of whether a mortgagor can raise the equitable defense of merger to prevent foreclosure in an action for foreclosure under power of sale pursuant to N.C. Gen. Stat. § 45-21.16 when the existence of all the conditions required under the statute is undisputed. Because we conclude that he cannot, we affirm.

## I. Background

On or about 30 May 1997, petitioner Warren B. Mosler ("Mosler") sold a tract of land, including a building, on Ashwood Road in Henderson County ("the property") to Druid Hills Land Co. ("Druid Hills"). Michael L. Martin ("Martin"), both individually and as president of Druid Hills, executed a promissory note in the amount of one-hundred seventy-five thousand dollars ($175,000) in favor of Mosler as consideration for the property. Martin, in his capacity as president of Druid Hills, executed a deed of trust on the property to secure the debt.

Martin and Druid Hills defaulted on the note in 2006 by failing to make payments to Mosler and by failing to pay property taxes. In January and February 2007, Mosler's attorney initiated discussions requesting Martin to execute a deed in lieu of foreclosure to be held in escrow as a sign of Martin's good faith intention to pay the note. On 21 February 2007, Mosler through his attorney e-mailed Martin that a foreclosure action would be filed on 26 February 2007 unless the note was paid in full or a deed in lieu of foreclosure was received.

On 26 February 2006, Martin filed a quitclaim deed with the Henderson County Register of Deeds purporting to convey the property to Mosler. On 27 April 2007, Mosler through an attorney sent a letter to Martin demanding payment of the note within 15 days and informing Martin that he "has never accepted and does not accept the purported 'deed in lieu of foreclosure' filed in February 2007."

On 10 August 2007, Mosler filed a Notice of Hearing on Foreclosure of Deed of Trust in Superior Court, Henderson County. Martin filed a verified answer on 22 August 2007. The answer sought to prevent foreclosure by asserting that Martin and Druid Hills had "provided all it's [sic] right, title and interest, exactly and promptly, per Petitioner's demand(s) by [the quitclaim deed filed on] February 26, 2007." On 1 October 2007, the Clerk of Superior Court dismissed the action without prejudice on the grounds "that there are title issues and therefore [I] can not issue an Order of Foreclosure." Petitioner appealed to Superior Court pursuant to N.C. Gen. Stat. § 1-301.1 on 15 October 2007.

In a Pre-Trial Order signed 3 March 2008, the parties stipulated to the following facts and exhibits: (1) a promissory note dated May 1997 evidencing a debt of $175,000 owed to Mosler by Martin and Druid Hills, (2) proper notice, (3) authorization of "the Substitute

Trustee to proceed with foreclosure (if the Court [determined the doctrine of merger did not apply and therefore] allow[ed] the Foreclosure to proceed)[,]" and (4) the note was in default. The Pre-Trial Order also purported to stipulate to the issues before the court:

> (1) Whether or not the "Quit Claim [sic] Deed" [recorded by Martin in favor of Mosler on 26 February 2007] was accepted by the Petitioner[;]

> (2) If [the "Quit Claim [sic] Deed" was accepted] does the doctrine of merger apply[; and]

> (3) May Petitioner proceed with foreclosure pursuant to his Deed of Trust[.]"

The trial court held a hearing on the action on 3 March 2008. The trial court entered an Order Allowing Foreclosure of Deed of Trust on 10 March 2008, specifically decreeing "[t]hat the Quitclaim Deed was not delivered to or accepted by the Petitioner and the document is ineffective as either a quitclaim deed or a deed in lieu of foreclosure" and "[t]hat the doctrine of merger does not apply to the facts of this case." Respondents appeal.

## II. Subject Matter Jurisdiction for Equitable Defenses

Neither party raised the issue of subject matter jurisdiction. However, "[a] challenge to subject matter jurisdiction may be made at any time. The issue may be raised by the appellate court on its own motion, even when not raised by the parties." *Whittaker v. Furniture Factory Outlet Shops*, 145 N.C. App. 169, 172, 550 S.E.2d 822,. 824 (2001) (citations, quotation marks, and ellipses in original omitted).

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question [and] is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citations omitted). Subject matter "[j]urisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties." *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (citation and quotation marks omitted). Specifically, subject matter jurisdiction cannot be conferred by waiver or consent of the parties. *Id.*

At a foreclosure hearing pursuant to N.C. Gen. Stat. § 45-21.16, "[t]he Clerk of Superior Court is limited to making the four findings

of fact specified in the statute, and it follows that the Superior Court Judge is similarly limited in the hearing *de novo*." *In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978) (citing N.C. Gen. Stat. § 1-276). "The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34." *Id.* at 94, 247 S.E.2d at 430. On a *de novo* appeal to the Superior Court in a section 45-21.16 foreclosure proceeding, the trial court must "declin[e] to address [any party's] argument for equitable relief, as such an action would [] exceed[] the superior court's permissible scope of review[.]" *Espinosa v. Martin*, 135 N.C. App. 305, 311, 520 S.E.2d 108, 112 (1999) (citing N.C. Gen. Stat. § 1-276), *disc. review denied*, 351 N.C. 353, 543 S.E.2d 126 (2000). This is true even when, as here, the parties stipulate that additional issues are properly before the trial court in a section 45-21.16 proceeding, because subject matter jurisdiction "is never dependent upon the conduct of the parties." *T.R.P.*, 360 N.C. at 595, 636 S.E.2d at 793.

Because *Espinosa* and *Watts* both cited N.C. Gen. Stat. § 1-276, we find it necessary to consider whether the holding of those cases was superseded when the General Assembly repealed N.C. Gen. Stat. § 1-276 and several other related statutes, replacing them with N.C. Gen. Stat. § 1-301.1, effective 1 January 2000. N.C. Sess. Law 1999-216 part 1 § 2. Comparing the old and new statutes below, we conclude that those holdings were not superseded and that *Espinosa* and *Watts* remain good law.

The old statute, N.C. Gen. Stat. § 1-276, provided that:

Whenever a civil action or special proceeding begun before a clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so.

N.C. Gen. Stat. § 1-276 (1996).

The new statute, N.C. Gen. Stat. § 1-301.1, provides that:

Upon appeal [of a clerk's decision in civil actions], the judge may hear and determine all matters in controversy in the civil action, unless it appears to the judge that any of the following apply:

(1) The matter is one that involves an action that can be taken only by a clerk.

(2) Justice would be more efficiently administered by the judge's disposing of only the matter appealed.

N.C. Gen. Stat. § 1-301.1(c) (2007).

The language of subsubsection (c)(2), "[j]ustice would be more efficiently administered by the judge's disposing of only the matter appealed[,]" seems to suggest that the trial court's subject matter jurisdiction is broader than the clerk's subject matter jurisdiction in the same action. However, N.C. Gen. Stat. § 1-301.1(a) specifically states: "If this section conflicts with a specific provision of the General Statutes, that specific provision of the General Statutes controls." Accordingly, we conclude that if the enactment of N.C. Gen. Stat. § 1-301.1(c) created any conflict between it and the jurisdictional provisions in Chapter 45, section 45-21.16 and section 45-21.34, the latter control in foreclosure actions.

In fact, *Espinosa* and *Watts* more specifically rested their holdings on section 45-21.16 and section 45-21.34 and the legislative intent in enacting those statutes. Accordingly, we conclude that the enactment of N.C. Gen. Stat. § 1-301.1 did not supersede *Espinosa* and *Watts*, and the subject matter jurisdiction of the trial court *sub judice* is controlled by those two cases.

Common law merger of title, the doctrine relied on by respondents in the instant case, is an equitable doctrine. *Blades v. Norfolk Southern R.R. Co.*, 224 N.C. 32, 40-41, 29 S.E.2d 148, 153 (1944) ("It is believed that the doctrine of merger is an elastic doctrine in equity, not one to be applied with rigidity. Equity will not use merger if serious injustice would arise or intent be obviously frustrated." (Citation and quotation marks omitted.)); *Washington Furniture Co. v. Potter*, 188 N.C. 145, 147, 124 S.E. 122, 123 (1924) ("[I]n equity, there will be no merger of estates when a mortgagee receives a conveyance of the equity of redemption, when such a result would be contrary to his real intention in the transaction, or to the bargain made by the parties at the time."). Therefore, because respondents failed to invoke the equitable jurisdiction of the court to enjoin the foreclosure "by bringing an action in the Superior Court pursuant to G.S. 45-21.34[,]" *Watts* at 94, 247 S.E.2d at 429, we hold that any findings and conclusions of the trial court regarding merger were outside of its jurisdiction and therefore have no legal effect in the proceeding *sub judice*. *See Laurel Valley Watch, Inc. v. Mountain Enters. of Wolfe Ridge, LLC,*

192 N.C. App. 391, 404, 665 S.E.2d 561, 570 (2008) (vacating a judgment in part when the trial court had subject matter jurisdiction as to only part of the claims).

### III. Section 45-21.16 Foreclosure

#### A. Standard of Review

"It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Willen v. Hewson*, 174 N.C. App. 714, 718, 622 S.E.2d 187, 190 (2005) (citation and quotation marks omitted), *disc. review denied*, 360 N.C. 491, 631 S.E.2d 520 (2006). The propriety of the trial court's conclusions of law is subject to *de novo* review. 174 N.C. App. at 718, 622 S.E.2d at 190.

#### B. Analysis

In an action for foreclosure under a deed of trust pursuant to N.C. Gen. Stat. § 45-21.16,[1] the trial court should authorize the trustee to exercise the power of sale under the deed of trust if it "find[s] the existence of a (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled." *Espinosa*, 135 N.C. App. at 308, 520 S.E.2d at 111 (quoting *Watts* at 38 N.C. App. 90, 247 S.E.2d at 429, and citing N.C. Gen. Stat. § 45-21.16(d)).

In the case *sub judice*, the parties stipulated to (1) the validity of the note evidencing the debt owed to petitioner, (2) default on that note, and (3) proper notice. The only remaining factual issue, the substitute trustee's right to foreclose, was stipulated to exist unless the trial court granted equitable relief pursuant to the doctrine of merger. As we noted above, the trial court had no jurisdiction to consider the doctrine of merger in this proceeding, and therefore did not err in failing to grant relief to respondents on that basis. Accordingly, the trial court's order allowing foreclosure is affirmed.

AFFIRMED.

Judges JACKSON and STEPHENS concur.

---

1. N.C. Gen. Stat. § 45-21.16 was amended with effect from 1 April 2008, N.C. Sess. Law 2007-351 § 4 and with effect from 1 November 2008, N.C. Sess. Law 2008-226 §§ 2,3. Those amendments do not affect this case, which was filed on 10 August 2007 and decided by the trial court on 10 March 2008.