725 S.E.2d 22 (2012)
In the Matter of the Foreclosure of a Deed of a North Carolina Deed of Trust Dated and Recorded November 9, 2007 in Book 5249 at Page 2843, in the Office of the Register of Deeds, New Hanover County, North Carolina, by James Oliver CARTER, Substitute Trustee.
No. COA11-990.
Court of Appeals of North Carolina.
March 6, 2012.
*23 Driscoll Sheedy, P.A., Charlotte, by James W. Sheedy and Susan E. Driscoll, for petitioner-appellee.
Shanklin & Nichols, LLP, Wilmington, by Kenneth A. Shanklin, and Cynthia W. Baldwin, for respondents-appellants.
HUNTER, ROBERT C., Judge.
Kirk E. Pugh and Barbara A. Pugh ("respondents") appeal from the trial court's order authorizing James Oliver Carter, the substitute trustee for Capital One Bank ("petitioner"), to proceed with foreclosure under a power of sale. Respondents argue that the trial court committed reversible error by denying their demand for arbitration and failing to issue written findings of fact regarding its denial of their motion to stay the foreclosure action and compel arbitration. After careful review, we dismiss respondents' appeal.

Background
On 9 November 2007, respondents signed a deed of trust ("DOT"), promissory note ("note"), and assignment of rents in favor of petitioner with regards to property respondents owned in New Hanover County. All three documents contained arbitration provisions. Specifically, the provisions stated that "all disputes, claims and controversies between [the parties] ... shall be arbitrated pursuant to the Rules of the American Arbitration Association in affect at the time the claim is filed[.]" The arbitration agreements did not limit any party from seeking equitable relief or invoking a power of sale.
On 20 September 2010, petitioner sent respondents a demand for full payment of the note. After respondents failed to pay off the note, petitioner sent an additional delinquency notice to respondents on 26 January 2011 and claimed that the outstanding amount due included $1,759,948.98 in principal, $66,614.53 in interest, and $1,353.52 in attorneys' fees.
On 16 February 2011, the substitute trustee filed a Notice of Hearing for Foreclosure on the property pursuant to N.C. Gen.Stat. § 45-21.16 (2009). A hearing was held on 8 March 2011 before the Clerk of Superior Court. Respondents filed an Election of the Rights of Arbitration and Motion to Dismiss and/or Stay Foreclosure Pending Conclusion of Arbitration ("Arbitration Motion") on the day of the hearing and presented it to the clerk.
The clerk issued an order allowing the foreclosure sale to proceed based on, inter alia, the following findings: (1) there was a valid debt of which petitioner was the holder; (2) respondents defaulted on the debt; (3) the DOT authorized a power of sale; (4) all parties were given proper notice of the hearing; (5) the loan was not a home loan defined under N.C. Gen.Stat. § 45-101(1b); and (6) the foreclosure was not barred by respondents' period of military service. The clerk's order did not address respondents' Arbitration Motion.
On 15 March 2011, respondents appealed the clerk's order to superior court. The trial *24 court held a hearing on 4 May 2011. At the hearing, respondents argued that the trial court was required to look at the arbitration provisions and determine whether the provisions entitled respondents to arbitration. Respondents argued that they were entitled to arbitrate and, therefore, the trial court must issue a stay of the foreclosure pending the conclusion of arbitration.
Petitioner and the substitute trustee presented the following at the hearing before the trial court: (1) an affidavit evidencing a valid debt in favor of petitioner; (2) evidence that the property was used for commercial purposes; (3) proof that all parties received notice of the foreclosure hearing before the clerk; (4) evidence of default; (5) a copy of the DOT containing an express power of sale provision; and (6) evidence that respondents were not members of the military. Petitioner argued that respondents were improperly trying to assert an equitable defense on appeal when that defense should be asserted in a motion to enjoin. Respondents argued that the right to arbitration is not an equitable defense but an election of a contract right.
The trial court ordered the foreclosure to proceed and set the sale of the property for 7 July 2011. The trial court acknowledged that respondents likely had the right to arbitration but noted, "I just think they've got the wrong horse hooked to their cart." The trial court did not enter a ruling on respondents' Arbitration Motion.
On 13 June 2011, the substitute trustee filed a Notice of Sale. Respondents filed their Notice of Appeal to this Court on 1 June 2011. On 5 July 2011, the clerk stayed the foreclosure pending the outcome of the appeal.

Discussion
We first address respondents' argument that the trial court erred by refusing to stay the foreclosure proceeding and compel arbitration. Pursuant to N.C. Gen.Stat. § 45-21.16(d), at the foreclosure hearing authorized under the power of sale, the clerk must establish the existence of:
(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), ... and (vi) that the sale is not barred by G.S. 45-21.12A.
In regards to subsection (vi), N.C. Gen. Stat. § 45-21.12A (2009) prohibits a mortgagee or trustee exercising a power of sale during or within 90 days after a mortgagor's period of military service. If the party seeking foreclosure establishes all six necessary findings, the clerk is authorized to enter an order allowing the trustee or mortgagee to proceed with the foreclosure sale. N.C. Gen. Stat. § 45-21.16(d).
If a party wishes to challenge the clerk's findings pursuant to N.C. Gen.Stat. § 45-21.16(d), the party must appeal to the judge of the district or superior court having jurisdiction within 10 days. N.C. Gen.Stat. § 45-21.16(d)(1). The trial court's review of the clerk's findings is de novo, id., and the trial court is limited on appeal to determining whether the six criteria of N.C. Gen.Stat. § 45-21.16(d) have been satisfied, In re Foreclosure of Godwin, 121 N.C.App. 703, 704, 468 S.E.2d 811, 812 (1996). The trial court is prohibited from reviewing any issue or argument that was not raised before the clerk in connection with the clerk's N.C. Gen.Stat. § 45-21.16(d) analysis. See In re David A. Simpson, P.C., ___ N.C.App. ___, ___, 711 S.E.2d 165, 170 (2011) (holding that the trial court did not err in refusing to consider debtor's claim of rescission as an equitable defense to the foreclosure action where that defense was not raised before the clerk); Mosler v. Druid Hills Land Co., 199 N.C.App. 293, 297, 681 S.E.2d 456, 459 (2009) (holding that the trial court did not err in its refusal to consider the borrower's defense of merger on appeal since the defense was outside the subject matter jurisdiction of the trial court); In re Watts, 38 N.C.App. 90, 95, 247 S.E.2d 427, 430 (1978) (holding that the trial court exceeded its authorized scope of review by invoking equitable jurisdiction).
Here, respondents incorrectly assert that the trial court denied their Arbitration Motion. That is not the case. Neither the clerk nor the trial court judge ruled on the Arbitration Motion. Since the substitute trustee *25 initiated foreclosure proceedings against respondents under a power of sale, both the clerk's and the trial court's scope of review was limited to issues related to the six findings specified in N.C. Gen.Stat. § 45-21.16. Respondents' argument concerning their right to arbitration was not pertinent to the six required findings. Consequently, the trial court properly refused to rule on respondents' Arbitration Motion.
We note that respondents should have raised their right to arbitrate in a motion to enjoin pursuant to N.C. Gen.Stat. § 45-21.34 (2009), which grants the trial court statutory authority and jurisdiction to issue a stay and enforce the arbitration agreement contained in the DOT. Pursuant to N.C. Gen.Stat. § 45-21.34, "prior to the time that the rights of the parties to the sale or resale becom[e] fixed[,]" a party may apply to enjoin the foreclosure sale "upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient[.]" (Emphasis added). "The hearing [before the clerk] was not intended to settle all matters in controversy between the mortgagor and mortgagee[.]" Watts, 38 N.C.App. at 94, 247 S.E.2d at 429. Therefore, for all other "matters," a party may seek relief under N.C. Gen.Stat. § 45-21.34 where the court's jurisdiction is much broader. In the case sub judice, respondents' Arbitration Motion constituted a "matter" that could be properly raised in a motion to enjoin pursuant to N.C. Gen.Stat. § 45-21.34. Thus, respondents chose the wrong statutory vehicle to assert their Arbitration Motion.
Next, respondents argue that the trial court erred in failing to issue findings of fact regarding its denial of respondents' Arbitration Motion. Respondents' argument is without merit because, as we noted previously, the trial court did not deny respondents' Arbitration Motion. Furthermore, had the trial court actually issued findings regarding respondents' Arbitration Motion, it would have exceeded its jurisdiction by addressing an issue not related to the six findings set forth in N.C. Gen.Stat. § 45-21.16(d).
Based on the foregoing, it is clear that respondents are appealing from an order that does not address respondents' Arbitration Motion. The trial court did not err in refusing to address the motion. We are, therefore, obliged to dismiss respondents' appeal.
Dismissed.
Judges THIGPEN and McCULLOUGH concur.