IN RE FORECLOSURE OF REAL PROPERTY UNDER DEED OF TRUST FROM TONY RAY YOUNG JR. AND LISA F. YOUNG, DATED SEPTEMBER 28, 2007 AND RECORDED ON OCTOBER 1, 2007 IN BOOK 22878 AT PAGE 847

No. COA12-1224

Filed 4 June 2013

**Mortgages and Deeds of Trust—foreclosure—special proceeding —equitable defense—no jurisdiction**

The trial court exceeded its jurisdiction in a special proceeding for a foreclosure and sale by considering respondents' equitable estoppel defense. Equitable defenses may not be raised in a hearing pursuant to N.C.G.S. § 85-21.16 but must instead be asserted in an action to enjoin a foreclosure sale under N.C.G.S. § 45-21.34. Moreover, the trial court here tailored its findings and conclusions to the defense of equitable estoppel and did not address the findings required in a foreclosure pursuant to N.C.G.S. § 45-21.6. Although the record in this case was not adequate to determine the status of a prior proceeding, dismissal of the appeal was not necessitated.

HUNTER, JR., Robert N., Judge, dissenting.

Appeal by petitioner from order entered 27 June 2012 by Judge Hugh B. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 March 2013.

*The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr., and James R. White, for Wells Fargo Bank, N.A., petitioner appellant.*

*No brief filed for respondent appellees.*

McCULLOUGH, Judge.

Wells Fargo Bank, N.A. ("Wells Fargo" or "petitioner") appeals from an order of the trial court denying its petition to exercise its power of sale after finding that petitioner was barred from foreclosing by the doctrine of equitable estoppel. Because the trial court exceeded its jurisdiction in this special proceeding by considering respondents' equitable defense, we vacate the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion.

IN RE FORECLOSURE OF YOUNG

[227 N.C. App. 502 (2013)]

## I. Background

On 28 September 2007, Tony Ray Young, Jr., executed a Note in the amount of $191,075.00 (the "Note") to finance with DHI Mortgage Company ("DHI") the purchase of certain real property located in Charlotte, North Carolina. This Note was secured by a Deed of Trust executed on the same date by Tony Ray Young, Jr. and Lisa F. Young ("respondents") in favor of DHI (the "Deed of Trust"). The Deed of Trust was recorded on 1 October 2007 in Book 22878 at page 847 in the Mecklenburg County Register of Deeds. DHI subsequently endorsed and transferred the Note to petitioner.

Under the terms of the Note, respondents were required to make monthly payments on the first day of each month beginning on 1 November 2007. Failure to pay the full amount of each monthly payment on the date due constituted default under the terms of the Note. The record reveals that respondents failed to make their required monthly payment beginning in April 2009. The record further reveals that respondents had a series of discussions with Wells Fargo regarding potential loss mitigation options. At the hearing below in the present case, respondents asserted that on 15 September 2009, they entered into a loan modification agreement with petitioner and thereafter began making payments to petitioner under the terms of the loan modification agreement. However, petitioner stated that no loss mitigation options were ever finalized with respondents, and therefore, petitioner returned the amount of $5,143.88 – the total amount paid by respondents beginning September 2009 – to respondents. The record reveals that respondents made no more payments to petitioner thereafter.

On 28 August 2011, petitioner sent respondents a demand letter for the amounts required to reinstate their loan. Respondents failed to submit the amounts stated in the demand letter, and petitioner accelerated their loan. Petitioner then instituted foreclosure proceedings to recover the entire remaining indebtedness due under the Note and Deed of Trust.

A notice of foreclosure hearing was filed by petitioner on 15 November 2011 pursuant to N.C. Gen. Stat. § 45-21.16 (2011). Following a hearing on the matter on 30 March 2012, the assistant clerk of court entered an order on 12 April 2012 dismissing the special proceeding after finding that a prior appeal was still pending in the same matter. Specifically, the assistant clerk of court found that "an appeal is pending in 09-SP-7638 on the same matter such that until 09-SP-7638 is disposed of then it is improper to have a second action pending on the

same matter." On 16 April 2012, petitioner appealed from the assistant clerk's order to the superior court for a hearing *de novo*.

A hearing was held in the matter on 5 June 2012, at which petitioner explained that it had "voluntarily dismiss[ed]" its prior appeal in an effort to complete a loan modification with respondents, but those efforts were exhausted with no resolution. Specifically, petitioner explained:

> In other words, in the '09 case, the clerk entered an order dismissing the foreclosure with no lawyer for Wells Fargo present. There was the trustee there, but we were not there. We got hired and we appealed it, and before having the appeal hearing heard, . . . we instructed the trustee to take a voluntary dismissal without prejudice so this modification thing could play out and we could see if we could get something done, which as I said ultimately did not happen.

On 27 June 2012, the trial court entered an order denying petitioner's petition to exercise its power of sale and foreclose on respondents' property. The trial court found and concluded that in light of petitioner's actions concerning the loan modification agreement offered by respondents at the hearing, petitioner did not have a legal right to foreclose on respondents' property because the doctrine of equitable estoppel barred the foreclosure action. On 5 July 2012, petitioner entered written notice of appeal from the trial court's order.

## II. Discussion

We first address the issue of the trial court's subject matter jurisdiction to conduct the foreclosure hearing in the present matter. We agree with the dissent that the record on appeal is inadequate for this Court to determine the status of the prior proceedings in 09 SP 7638, referenced in the 12 April 2012 order entered by the assistant clerk of court. The record on appeal is devoid of any filings demonstrating the status of the 09 SP 7638 proceedings. Accordingly, we agree with the dissent that because the assistant clerk's order dismissed the present action on the basis of a "prior action pending," the trial court should have first examined the question of its subject matter jurisdiction to conduct a foreclosure hearing in the present action, including a review of the status of the 09 SP 7638 proceedings, before entering a decision on the merits. As the dissent notes, the trial court in the present action may lack subject matter jurisdiction to hear the present foreclosure action, depending on the procedural posture of the prior action.

Nonetheless, we conclude that our inability to determine the status of the 09 SP 7638 proceedings does not necessitate dismissal of petitioner's present appeal, as dismissal of this appeal would leave intact the trial court's present order denying petitioner's petition to exercise its power of sale and foreclose on respondents' property on the basis of equitable estoppel. Such a result is erroneous as a matter of law, for the trial court had no subject matter jurisdiction to grant equitable relief in this special proceeding.

" 'In reviewing a question of subject matter jurisdiction, our standard of review is *de novo.*' " *In re Cornblum*, ___ N.C. App. ___, ___, 727 S.E.2d 338, 340 (quoting *In re K.A.D.*, 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007)), *disc. review denied*, ___ N.C. ___, 734 S.E.2d 864 (2012).

At a foreclosure hearing pursuant to N.C. Gen. Stat. § 45-21.16, the clerk of superior court is limited to making the six findings of fact specified under subsection (d) of that statute: (1) the existence of a valid debt of which the party seeking to foreclose is the holder; (2) the existence of default; (3) the trustee's right to foreclose under the instrument; (4) the sufficiency of notice of hearing to the record owners of the property; (5) the sufficiency of pre-foreclosure notice under section 45-102 and the lapse of the periods of time established by Article 11, if the debt is a home loan as defined under section 45-101(1b); and (6) the sale is not barred by section 45-21.12A. N.C. Gen. Stat. § 45-21.16(d); *see also In re Carter*, ___ N.C. App. ___, ___, 725 S.E.2d 22, 24 (2012). The clerk's findings are appealable to the superior court for a hearing *de novo*; however, in a section 45-21.16 foreclosure proceeding, the superior court's authority is similarly limited to determining whether the six criteria of N.C. Gen. Stat. § 45-21.16(d) have been satisfied. *Carter*, ___ N.C. App. at ___, 725 S.E.2d at 24; *Mosler v. Druid Hills Land Co.*, 199 N.C. App. 293, 295-96, 681 S.E.2d 456, 458 (2009). The superior court "has no equitable jurisdiction and cannot enjoin foreclosure upon any ground other than the ones stated in [N.C. Gen. Stat. §] 45–21.16." *Matter of Helms*, 55 N.C. App. 68, 71-72, 284 S.E.2d 553, 555 (1981).

"On a *de novo* appeal to the Superior Court in a section 45-21.16 foreclosure proceeding, the trial court must 'declin[e] to address [any party's] argument for equitable relief, as such an action would [] exceed[] the superior court's permissible scope of review[.]' " *Mosler*, 199 N.C. App. at 296, 681 S.E.2d at 458 (alterations in original) (quoting *Espinosa v. Martin*, 135 N.C. App. 305, 311, 520 S.E.2d 108, 112 (1999)). Indeed, "[t]his Court has repeatedly held that equitable defenses may not be

raised in a hearing pursuant to [N.C. Gen. Stat. §] 45-21.16, but must instead be asserted in an action to enjoin the foreclosure sale under [N.C. Gen. Stat. §] 45-21.34." *In re Foreclosure of Fortescue*, 75 N.C. App. 127, 131, 330 S.E.2d 219, 222 (1985) (citing *In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978); *Helms*, 55 N.C. App. at 72, 284 S.E.2d at 555).

Here, in addition to its failure to address the status of its jurisdiction based upon the assistant clerk's finding of a prior action pending, the trial court's order likewise fails to address any of the six findings of fact required to be addressed in a foreclosure hearing pursuant to N.C. Gen. Stat. § 45-21.16. Rather, the trial court improperly tailored its findings and conclusions to the defense of equitable estoppel. Because equitable estoppel is an equitable defense, *see George v. Bray*, 130 N.C. App. 552, 556-57, 503 S.E.2d 686, 690 (1998), the trial court's findings and conclusions regarding equitable estoppel were outside of its jurisdiction and therefore have no legal effect in the present case. *Mosler*, 199 N.C. App. at 297, 681 S.E.2d at 459. Accordingly, we must vacate the trial court's order and remand the matter to the trial court for further proceedings and the entry of appropriate findings of fact and conclusions of law addressing (1) its jurisdiction to consider the present action in light of the proceedings in 09 SP 7638, and (2) if the trial court finds and concludes it properly has jurisdiction in this special proceeding, only the six criteria specified under N.C. Gen. Stat. § 45-21.16(d).

We note that, although the trial court concluded as a matter of law that "[p]laintiff's foreclosure action fails on element three because [p]laintiff has no legal right to foreclose under the instrument[,]" the trial court's conclusion was based on its previous conclusion of law that the defense of equitable estoppel applied under the circumstances of the present case. Such conclusion misapprehends the plain language of element three of N.C. Gen. Stat. § 45-21.16(d), which requires the trial court to consider strictly whether "the instrument" at issue conveys a right to foreclose on petitioner. The existence of any equitable defenses is inapposite to consideration of this element.

We further note that, as stated above, respondents may raise the defense of equitable estoppel in a separate action to enjoin the foreclosure sale pursuant to N.C. Gen. Stat. § 45-21.34 (2011). *Mosler*, 199 N.C. App. at 296, 681 S.E.2d at 458 (" 'The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34.' " (quoting *Watts*, 38 N.C. App. at 94, 247 S.E.2d at 430)). Section 45–21.34 provides that "prior to the time that the rights of the parties to the sale or resale becom[e] fixed

pursuant to [N.C. Gen. Stat. §] 45-21.29A[,]" a party may apply to a judge of the superior court to enjoin the foreclosure sale "upon any . . . *legal or equitable ground* which the court may deem sufficient[.]" N.C. Gen. Stat. § 45–21.34 (emphasis added). Under N.C. Gen. Stat. § 45-21.29A, the rights of the parties to the sale or resale become fixed at the expiration of a ten-day period for the filing of upset bids. *Goad v. Chase Home Fin., LLC,* 208 N.C. App. 259, 263, 704 S.E.2d 1, 4 (2010). The hearing afforded under N.C. Gen. Stat. § 45-21.16 "was not intended to settle all matters in controversy between mortgagor and mortgagee[.]" *Watts,* 38 N.C. App. at 94, 247 S.E.2d at 429. Rather, "for all other 'matters,' a party may seek relief under N.C. Gen. Stat. § 45-21.34 where the court's jurisdiction is much broader." Carter, ___ N.C. App. at ___, 725 S.E.2d at 25. Therefore, "[i]f respondents feel that they have equitable defenses to the foreclosure, they should be asserted in an action to enjoin the foreclosure sale under [N.C. Gen. Stat. §] 45-21.34." *Helms,* 55 N.C. App. at 72, 284 S.E.2d at 555.

In addition, as the dissent notes, if the trial court finds and concludes that it has no subject matter jurisdiction to consider this matter in light of the proceedings in 09 SP 7638, the proper action for the trial court is to dismiss the present action. Petitioner's remedy would then be limited to judicial foreclosure procedures pursuant to N.C. Gen. Stat. § 1-339.1 et seq., rather than the summary proceedings provided under N.C. Gen. Stat. § 45-21.1 *et seq.* "Foreclosure by action requires formal judicial proceedings initiated by summons and complaint in the county where the property is located and culminating in a judicial sale of the foreclosed property if the mortgagee prevails." *Phil Mech. Const. Co., Inc. v. Haywood,* 72 N.C. App. 318, 321, 325 S.E.2d 1, 3 (1985). If petitioner's present foreclosure action is dismissed, and if petitioner elects to proceed to judicial foreclosure, respondents may present any equitable defenses in that civil action.

### III. Conclusion

The record on appeal in the present case is insufficient for this Court to determine the status of the proceedings in 09 SP 7638. Because the assistant clerk dismissed petitioner's action on the basis of prior action pending, the trial court should have first considered whether it had subject matter jurisdiction in light of the prior proceedings. In addition, in considering the defense of equitable estoppel in a *de novo* hearing under section 45-21.16, the trial court exceeded its subject matter jurisdiction, which is limited to consideration of only those six issues enumerated under subsection (d) of that statute.

Accordingly, we vacate the trial court's order, and we remand to the trial court for further proceedings and the entry of appropriate findings of fact and conclusions of law addressing (1) its jurisdiction to consider the present action in light of the proceedings in 09 SP 7638, and (2) if the trial court finds and concludes it properly has jurisdiction in this special proceeding, only the six criteria enumerated under N.C. Gen. Stat. § 45-21.16(d), consistent with this opinion.

Vacated and remanded.

Judge BRYANT concurs.

Judge HUNTER, JR. (Robert N.) dissents.

HUNTER, JR., Robert N., Judge, dissenting.

Before a court can proceed to the merits of a case the court may (and on occasions where the record on appeal suggests the trial court lacked jurisdiction, the court must), independently examine its jurisdiction. In an appeal, the appellant bears the burden of proving the appeals court has jurisdiction before the court can consider its appeal. *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (2005). This duty includes an obligation for the appellant not only to cite to the proper statutory authority to establish jurisdiction, but also to provide the court with "copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all issues presented on appeal." N.C. R. App. P. 9(a)(1)(j). In my view, because petitioner fails to provide this Court with copies of all other papers filed and statements of the proceedings in Mecklenburg County Special Proceeding 09 SP 7638, the prior summary foreclosure proceeding on this property, petitioner has failed to fulfill its duty. Because I do not believe the Court has an adequate record to review all of the issues presented in this appeal, both as to jurisdiction and on the merits, I must respectfully dissent from the majority's opinion.

This is an appeal of a summary foreclosure under a power of sale. Such cases are properly characterized as "special proceedings." *See Phil Mechanic Const. Co. v. Haywood*, 72 N.C. App. 318, 321, 325 S.E.2d 1, 2–3 (1985). The Rules of Civil Procedure apply to special proceedings, just as they do to civil actions, unless the governing statute sets out different procedures. *Charns v. Brown*, 129 N.C. App. 635, 638, 502 S.E.2d 7, 9 (1998).

IN RE FORECLOSURE OF YOUNG

[227 N.C. App. 502 (2013)]

Foreclosures conducted under the summary procedures provided for in N.C. Gen. Stat. § 45-21.1 et seq. must be strictly examined. *See In re Foreclosure of Deed of Trust by Goforth Props., Inc.*, 334 N.C. 369, 375, 432 S.E.2d 855, 859 (1993) ("[T]his Court [has] also reiterated that foreclosure under a power of sale is not favored in the law, and its exercise will be watched with jealousy." (quotation marks and citation omitted)). The practical reason to examine foreclosures strictly is to ensure that the chains of title produced by foreclosures are clear and sufficient to convey ownership to future titleholders. Put differently, if the summary foreclosure is defective, then future owners and mortgage lenders cannot rely on the titles resulting from such proceedings.

The Record on Appeal documents that petitioner filed a Special Proceeding, captioned 11 SP 8765, on 15 November 2011. This proceeding was subsequently dismissed by the Assistant Clerk of Court without prejudice by Order of Dismissal filed 12 April 2012 with the following notation: "the foregoing case heard 3/30/12 and the court finding that an appeal is pending in 09-SP-7638 on the same matter such that until 09-SP-7638 is disposed of then it is improper to have a second action pending on the same matter." We lack a sufficient record to determine whether 09 SP 7638 is still pending. However, assuming that matter was still pending at the time 11 SP 8765 was filed, the Assistant Clerk was correct in her ruling. Our Supreme Court has held that if there is a prior special proceeding pending between the same parties on substantially the same subject matter, and all the material questions and rights can be determined therein, the second special proceeding should be dismissed. *Seawell v. Purvis*, 232 N.C. 194, 196, 59 S.E.2d 572, 573 (1950) (citing *Dwiggins v. Parkway Bus. Co.*, 230 N.C. 234, 52 S.E.2d 892 (1949)). More modern cases from this Court have followed a similar line of reasoning in similar circumstances. *See, e.g., Whitmire v. Cooper*, 153 N.C. App. 730, 734, 570 S.E.2d 908, 911 (2002) (" '[I]f . . . two suits are *in rem*, or *quasi in rem*, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought, the jurisdiction of the one court must yield to that of the other.' " (quoting *Princess Lida v. Thompson*, 305 U.S. 456, 466 (1939)); *Lisk v. Lisk*, No. COA07-661, 2008 WL 2967092 at *2 (N.C. Ct. App. 2008) (unpublished) ("The *Whitmire* decision . . . establishes that, if two courts are competing for jurisdiction in an *in rem* action, the second court must yield to the jurisdiction of the first court."). Because the Assistant Clerk's order was based upon a dismissal of "prior action pending," the Superior Court reviewing this order should have examined the question of jurisdiction before entering any decision on the merits.

At the hearing before the Superior Court in 11 SP 8765, counsel for petitioner claimed that petitioner had taken a "voluntary dismissal" in 09 SP 7638. However, this explanation mischaracterizes the legal consequences of dismissing a special proceeding after appeal from a Clerk's order. As the majority notes, counsel for petitioner explained at the hearing:

> In other words . . . in the '09 case, the clerk entered an order dismissing the foreclosure with no lawyer for Wells Fargo present. There was the trustee there, but we were not there. We got hired and we appealed it, and *before having the appeal hearing heard . . . we instructed the trustee to take a voluntary dismissal without prejudice* so this modification thing could play out and we could see if we could get something done, which as I said ultimately did not happen. (Emphasis added).

Thus, it appears as though petitioner sought to "voluntarily dismiss" 09 SP 7638 during the pendency of petitioner's appeal to the superior court only *after* the Clerk had denied relief in that proceeding. This portion of the transcript alone does not provide a documentary basis to know that the prior proceeding was dismissed at the time the Superior Court entered its order.

Furthermore, "voluntary dismissals" are not part of the procedures allowed in special proceedings after the Clerk has reached a decision. Such a "voluntary dismissal" is properly characterized as a *withdrawal* of petitioner's appeal from 09 SP 7638. Our Supreme Court has held that a party's withdrawal of its appeal from the decision of a Clerk in a special proceeding makes that decision a "final adjudication." *See Ramsey v. So. Ry. Co.*, 253 N.C. 230, 116 S.E.2d 490 (1960) (per curiam) ("When the court, in its discretion, permitted the appeal to be withdrawn, the clerk's judgment became the final adjudication."). Consequently, petitioner's withdrawal of its appeal from the 2009 proceeding rendered the Clerk's dismissal of the 2009 proceeding final. This is problematic to the jurisdiction of our Court in the case *sub judice* in light of the doctrine of *res judicata*. Our Court has held that when a mortgagee or trustee elects to proceed under a power of sale, decisions of the Clerk not appealed are *res judicata* and cannot be relitigated in another action. *See Phil Mechanic Const. Co.*, 72 N.C. App. at 322, 325 S.E.2d at 3 ("Since plaintiffs did not perfect an appeal of the order of the Clerk of Superior Court, the clerk's order is binding and plaintiffs are estopped from arguing those same issues in this case.").

Because petitioner has failed to provide us with a sufficient record to determine whether the Superior Court possessed jurisdiction in this matter, I believe its appeal should be dismissed. *See Wiggins v. Pyramid Life Ins. Co.*, 3 N.C. App. 476, 478, 165 S.E.2d 54, 56 (1969) ("[T]he jurisdiction of the Court of Appeals is derivative; therefore, if the court from which the appeal is taken had no jurisdiction, the Court of Appeals cannot acquire jurisdiction by appeal."). Furthermore, " '[i]t is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel.' " *Pulley v. Pulley*, 255 N.C. 423, 429, 121 S.E.2d 876, 880 (1961) (quoting *Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 88, 92 S.E.2d 673, 676 (1956)).

I understand the majority's reticence to dismiss an appeal from an order it determines is in error on other grounds. However, "a default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court. It is axiomatic that courts of law must have their power properly invoked by an interested party." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 364 (2008). The remedy suggested by the majority is beyond the competency of a trial court. Resolving differences between two conflicting special proceedings must be done by an appellate court possessing jurisdiction. I do not believe a superior court judge can use an appeal of a special proceeding to resolve a potential jurisdictional dispute between two conflicting special proceedings, one of which has not been appealed to him. If he attempted such an effort it would muddle, not clarify, the question of whether title has passed to any subsequent buyer at a foreclosure sale.

Furthermore, petitioner is not without a remedy in this matter, but must proceed to judicial foreclosure under N.C. Gen. Stat. § 1-339.1 *et seq.* rather than use the summary proceedings provided in N.C. Gen. Stat. § 45-21.1 *et seq.* At that time, a properly pled civil action could resolve this question. Accordingly, I would dismiss petitioner's appeal, and disagree with the majority's decision to vacate and remand this case.